RECEIVED

MAY 1 3 2011

AT 8:30 ____M
WILLIAM T. WALSH
CLERK

TO: Honorable Peter G. Sheridan – NJDJ
FROM: Daniel M. Furesz – U.S.A.F. Retired
RE: Need Status of Mr. Savage Confirmed as Fired
DATE: May 5, 2011.

10-cr-398

No Order Motion to dismiss stand by counsel, Mr. Savage is denied. There is a hearing as to all counsel issues set up telephonically 5/24/11 at 11:00 am. Peter G Sheridan

Your Honor,

I need to confirm that my Stand By Counsel Mr. Savage has in fact Been Fired as Ineffective Counsel as well as stand by counsel. As You know I have not communicated with this man now for months And I find it quite acrimonious to have him in the Court Room with Me if there is a total lack of communication. I also would like to Address the fact that I still haven't received all my Discovery as I Have a Right to in order to not violate my Due Process Rights as a Pro-se litigant. The Discovery I am requesting now at least a third Time to this court and many more times from the ineffective Counsel Mr. Savage has gone unanswered which is not acceptable to me. I have I believe in the past done a Motion to Compel the Court to in Fact Compel Mr. Savage to comply with the NJ Rules of Court to no Avail. I am prepared at this time if I get no response to my plea to Initiate a Motion of a Writ of Mandamus to get the Discovery I need as Well hold Mr. Savage accountable as well as the Federal District Court accountable for negligence and bias in my case. This would Not be necessary with a little cooperation. The Discovery I am Requesting so there is no mistake is in fact the Evan F. Nappen Discovery I provided Mr. Savage in good faith of which he promised To copy and send me back. As many of his promises went Answered till today.

If possible I would like to have my former Federal Public Defender Ms. Linda D. Foster represent me at this time. If for any reason that Legal accommodation can not be made then I would like to have Sanford Rader, Esq. as Counsel if that could be arranged. I have Received my Pre-sentence Probation Report after corrections and The proper editing has been made although not as complete as I Would like with a lot of my academics missing as well as vocational Certifications and skills not listed I will at this time accept it as written And hope and pray that whatever legitimate counsel is provided for Me will be able to clean up the horrible legal mess Mr. Steven E. Savage has gotten me into.

Thank You Your Honor for your time and consideration in this Important matter to me.

Respectfully Submitted:

Daniel M. Furesz - U.S.A.F. Retired
MCCI #3236274 H-1 cell 103
1 Waterworks Road, Freehold, N.J.
07728

TO: Honorable Judge Peter G. Sheridan – NJDJ
FROM: Daniel M. Furesz – U.S.A.F. Retired
RE: Need To Establish Grounds For Dismissal as Charged
DATE: May 9, 2011.

Dear Judge Sheridan,

It appears from the Legal Mail I have received from the Federal District 3rd Circuit of Appeals Court that I am barred from Appealing both my Bail Motion and Plea Retraction Motion. I Find this not only highly prejudicial in my case but also somewhat in violation of my Due Process Rights. This is why I believe my Rights have been prejudiced and violated.

1. Way back in the beginning I was without legal counsel because when being interviewed by the 5A unit having to do with getting a Public Defender the interviewer disqualified me Because she believed by error that I owned the house I lived in and therefore had the means To afford an attorney, which obviously was not true then or now.

2. My Charges were subsequently dismissed according to my ineffective counsel Mr. Savage Who I was able to retain later. According to his statement I have had all your state charges Dismissed and as I told you I never lost a case in Bergen County NJ. Obviously he lied.

3. The only reason I decided to proceed Pro-se was because my Counsel Mr. Savage was so Ineffective that I felt and believed I couldn't do much worse than what he was doing and Because I was not reimbursed by the court from Mr. Savage being sanctioned for attorney Client violations I had no alternative but to discontinue his services. For the life of me I Can not understand why the man is still coming to Federal District Court as my Stand by Counsel and obviously being illegally paid by the court after I retained him by binding Signed contract to handle my case to the end for the sum of $22,000.00 plus 3 equal payments Of $250.00 each. This just doesn't make any sense to me. I have also requested the FPD Linda D. Foster to represent me. At least I feel I will not be betrayed by her as Mr. Savage Has betrayed me by corroborating with the Federal Prosecutors and not doing anything for Me legally after I had done all the necessary research in my case myself and handed everything to him on a Silver Platter and still he didn't do an adequate Motion to Suppress The Evidence, Bail Motion and Probable Cause Motion which would have proven way in the Beginning of this case that the charges against me are deficient. They are so deficient that I Will further break it down to the language of a Cave Man could figure it out.

   a. Bost v. US pretty much says it all and there is nothing in Bost v. US that says that the Prior conviction needs to be quashed and or expunged or sealed as stated by your Honor.

   b. There's the US Supreme Courts recent decision around June 27, 2010 that states that Non of the 50 states of the United States can prevent its residents from owning a firearm in their homes for their self protection and or the protection of their properties.

   c. I also fall into another legal niche of being a business owner of where my Legally Incorporated business is in fact my business address and when a business owner like Me who just happens to be a NJ licensed Used Car Dealer who carries large sums of

Money to and from the car auction or from the bank has the right even as a prior Convicted Felon, of which I no longer am, has the right to carry a firearm for protection. Is this legal concept so hard to understand.

d. I have the legal Right to possess firearms not just because I am still affiliated With the militia as in the Department of Defense as a Retired Air Force Veteran but Also I am protected by the law of the Land in this matter the Federal Law as Represented by our US Constitution in the 2nd Amendment and as a Fundamental Right as a Citizen of the United States of which my Full Civil Rights were Restored In Essence Restoring my Full Gun Rights as stated in Bost v. US. And a plethora of Other Citations that I am going to enclose in this letter for your perusal.

e. Even the "While Traveling Law as a Tourist" I have the Right to Carry not alone Possess a firearm for my protection while traveling about the country and possibly Encountering violence that the Right To Carry could and would prevent. This law is Found in the Law Book Corpus Juris Secundum volume 94, page 597 states, " Travelers" Under some statutes, persons traveling or on a journey are excepted from Prohibitions against the carrying of weapons. Now what part of this language doesn't Anyone seem to understand. OK the first thing the AUSA's are going to say is, "Well There's no provision that claims a Prior Convicted Felon is exempt," and you know What they would be correct, as I am playing "Devils Advocate" However not so fast, I am not a Prior Convicted Felon anymore, remember I have already established this. So if I am on my way to let's say a CDL-A driving class as I was on September 10th 2009 and had intentions to go to a shooting range in Pennsylvania which I did after class and I'm subsequently detained by police who illegally impounded and then later my car was illegally seached by a non professional and a gun was found where that person had no permission to enter that part of my car, why is the concept so hard to understand that the evidence should be suppressed and if the evidence is suppressed and there is no evidence then what have you got other than a cluster of meaningless and meritless reports with no value not to mention a pile of prosecutorial misconduct violations that come later.

f. The only reason the Feds are involved in this case is because the Bergen County Prosecutor bungled the whole thing. From Tampered evidence, from a warrantless Search, to a Bogus complaint by a Sister scorned. Who by the way is involved in Criminally strong arming my 90 year old mom into signing her paid off house solely To her without my consent of which I am in the will as having half interest in the Inheritance as stated in my moms and my dads will. Now you tell me who the real Criminal is here. There's also plenty evidence of a "Bivens Act," violation here Regarding the Chief of Police in my town of Washington Township having an on Going animosity for me because in his Court Room I have prevailed in avoiding Being guilty as charges over 9 times for Zoning Code and Ordinance Violations Regarding Show Antique and Historic Muscle Cars that I exhibit for fund raising for The Wounded Warriors Program, Wounded Veterans. Firemen and Police. The same By the way Chief of Police who had an 80 Year Old World War II Veteran arrested For selling American Flags during a Memorial Day Parade Celebration in my Town.

For the last and final time I am respectfully requesting that Mr. Steven E, Savage, my ineffective counsel be not only fired but replace by Linda D. Foster – FPD as soon as

Possible to protect my litigants rights under the law with the right to appeal this illegal plea offer I accepted under duress and pressure from the AUSA's as well as my ineffective counsel Mr. Savage who has done nothing for me in my defense of this simple case of being charged with charges that are not only deficient but haven't met the burden of proving me guilty by Jury and or bench trial beyond a reasonable doubt.

Thank you Your Honor for having the patience and good conscience to proceed with my request for justice. I am looking forward to hearing your reply either in open court of by legal mail in this matter.

Respectfully Submitted:

Daniel M. Furesz

Daniel M. Furesz – U.S.A.F. Retired
Monmouth County Correctional Institution
1 Waterworks Road, Freehold, NJ. 07728
H-1 cell 103

TO: Ms. Linda D. Foster – FPD
FROM: Daniel M. Furesz – U.S.A.F.  Retired
RE: Need Your Legal Representation ASAP
DATE: May 11, 2011


Dear Ms. Foster,

I have at this time, to the best of my knowledge, fired my attorney Mr.
Steven E. Savaqe.  I had no choice to fire him because of ineffective counsel.
Unfortunately I took a plea offer that I truly believe was illegal, because as the
Record will show I was bum rushed into accepting it in the court room reading it
And not having the time necessary to absorb its content.  Besides that the AUSA
Mr. Aaron Mendelsohn threatened me in Court with that if I didn't take the plea I
Would never see the light of day, do the full 20 years I was exposed to and that
Unfortunate things in Federal Prison need not happen to me if I take the plea.

There are 3 criteria that have to be met or actually any one of them will
Suffice and I believe I met all 3 of the requirements to Retract my plea.  First of
All you need to have been coerced or have taken a plea under duress or undue
Influence of which I believe on the record I adequately proved.  The second is to
Assert your innocence and better yet prove your innocence which again I believe
I did when on the record I quoted Bost v. US.  Where Bost was convicted of 2
counts of unlawful possession of firearms by prior convicted felon he had his
conviction reversed by meeting 3 criteria:
1.  He had his full Civil Rights Restored by having his voting Rights Restored.
2.  He held public office like I do as a NJ Licensed Notary Public
3.  He was summoned to Jury Duty as I was twice and not disqualified

By Bost meeting these criteria to Restore his Civil Rights automatically his
Gun Rights were fully Restored.  In McGrath v. US. Mr. McGrath didn't even
have to meet all of those requirements to have his Gun Rights Fully Restored as
Stated in the Courts Reversal as the requirements just need to be diminished or
If I'm incorrect to the exact language in other words less than that of Bost.

Now I have sent Judge Sheridan many letters, 2 of which I fired formally
Mr. Savage.  Yet when I went to court last on April 26, 2011, he was there as
Stand by counsel.  For the past 4 months he has said absolutely nothing to me.
He has been totally useless and non communicative even though on the court
record he promised to meet with me on the first Friday of every month until this
case is over.

I am going to enclose with this letter some of the letters I have already sent
to Judge Sheridan in regards to Mr. Savage and my biased and prejudicial
treatment through my Due process rights being violated as well as constitutional
rights.

I want to take the time to thank you for responding to my ex-wife Kim Covello at 201-930-9386 and you need to know from me that I am innocent as Charged and the charges I'm facing are deficient in their definition as I no longer Meet the definition of a Prior Convicted Felon. Thank you for taking the time, consideration and hopefully I can have your cooperation in this important matter to me.

Respectfully Submitted:

Daniel M. Furesz

Daniel M. Furesz – U.S.A.F. Retired
Monmouth County Correctional Inst.
1 Waterworks Road, Freehold, NJ.
H-1 Cell 103 07728

# LEGAL ARGUMENT:
# In support of N.J.R. 3:26-2(d) Bail Reduction

*Point 1*

**The country from its beginning has honored the presumption of innocence. The Constitutional right to bail especially when coupled with the requirement that bail not be excessive supports the presumption. Bail is not designed to punish – only to guarantee a defendant's court appearance. The defendant has been unjustly detained by the imposition of an excessive bail amount.**

The entire 1992 report of the State Supreme Court Task Force on Minority Concerns should be mandatory reading for everyone concerned about the fairness of our judicial system. Its conclusions concerning our criminal courts, particularly bail practices deserve special emphasis. **Some persons, ignoring individual rights, call for pretrial preventive detention – prison before conviction. That is not permissible in our state (except in capital cases "where the proof is evident or presumption great"). Nevertheless, bail practices too often make preventive detention reality.**

Advocates of preventative detention and judges, who set excessive bail despite constitutional prohibitions, ignore the consequences. Defendants kept in jail cost society as much as $100 a day. The poor, including large numbers of minorities, imprisoned because they are unable to raise bail, are discriminated against because they are poor. And the innocent, imprisoned with the guilty, suffers the most of all. According to responsible researchers, terrible consequences visit defendants kept in prison before trial. Their families are

devastated. They lose their jobs and are unable to make adequate defense preparations. **Strong evidence indicates that their pretrial incarceration increases the likelihood of conviction and of prison instead of probation.**

The Task Force report, underlining discrimination, provides no comfort. It underlines "dramatic variances" – in the setting of initial bail, the use of bail schedules, bail reviews and bail reductions, while citing an abundance of procedural disparities involving timelines, fact gathering, the presence of the defendant and counsel at bail hearings and bail conditions. Task Force statistics show that many persons are kept in jail because they cannot raise bail of $500 or less. Far more African Americans than Caucasians fall into that category. Of 234 offenders in the Task Force sample, 93 percent (217) were black and 7 (17) percent were white. These are shocking figures.

For several years, "10 percent bail" has been a popular alternative for some judges, an unpopular one for others. It permits high bail, but low cash. Such bails have been set in thousands of cases and the practice has invited recent controversy. The Legislature claiming (**INCORRECTLY**, as shown by a recent New Jersey Supreme Court study) that 10 percent bail has caused a large number of defendants to become fugitives, is considering a bill to eliminate its use – especially in drug cases. Elimination of the 10 percent alternative will swell our prison populations, already unmanageable. It will increase discrimination against the poor and minorities, who often have trouble meeting even 10 percent requirements. And there may be a constitutional problem. Setting bail is a discretionary function entrusted exclusively to the judicial branch of government.

How can the Legislature remove that discretion? There is a better argument against the 10 percent bail. Its elimination need not have bad results – **if judges will fix bail with the defendant in mind**. The public – justifiable worried about safety, not much impressed with the presumption of innocence, convinced that there is little differences between a charge and a conviction – does not like bail. It prefers to keep every defendant in jail until conviction or acquittal occurs.

Consequently, when judges set bail, thereby returning prisoners to the streets, they – the judges – often become targets of public criticism. Judges are human. **Hoping to avoid criticism, they set high bails, sometimes in the millions of dollars – abusing our Constitutions but improving their popularity.** This response **ignores the central requirement that judges act with independence**, enforcing the law no matter how unpopular it may be. A bail setting judge, acting with integrity and unafraid of criticism, does not need the 10 percent charade. Instead of ordering $10,000 bail with 10 percent cash, that judge will set bail at $1,000 – the truly sought guarantee of appearance. 10 percent judges know that but prefer the popular pretense.

Even worse, because it affects every person imprisoned before trial, is the arbitrary nature of bail setting practices. Any experienced judge reviewing bails set by others – and reviews are daily occurrences – is bound to be shocked by the enormous differences in approach. These widely divergent bail decisions are rarely supported by more than perfunctory reasons. **The conclusion is inescapable: The amount of bail is simply a reflection of personal bias – the bias of the judge who sets it.**

home,[2] and in defining its scope, the exception should be as broad as the reason for it, but not broader.[3]

Some statutes provide that the exemption is only available to a traveler who is travelling peaceably,[4] while under other statutes the lawfulness of the travel is irrelevant.[5]

The question of whether one is a traveler is a fact-driven determination that is not dependent upon any one particular fact.[6] As a general rule, a person cannot be deemed to be traveling or on a journey within the meaning of the exception unless he or she passes beyond the circle of his or her neighbors, friends, and immediate acquaintances,[7] and is no longer within the routine of his or her daily business[8] or ordinary habits, duties,[9] or pleasures.[10] The routine of one's daily business is in most cases a proper test,[11] but it fails as a test where a person, in the ordinary routine of his or her daily business, passes hurriedly along, is not brought into contact with the people, and has no general acquaintance among them.[12]

Courts determining whether the exemption applies generally consider distance, time, and mode of the travel at issue.[13] In order to come within the exception, a person need not travel any prescribed distance,[14] or by any particular conveyance;[15] similarly the purpose of the travel,[16] and whether the traveler stays away from home overnight,[17] are irrelevant. As a practical matter in each case, the ultimate question is whether or not the person is on a real journey,[18] and the mere fact of crossing the boundary and passing back and forth from one county[19] or state[20] into another is not decisive.

The exemption for a traveler, from the application of a statute prohibiting the carrying of weapons, becomes operative when a person sets out on a journey,[21] as when he or she enters a vehicle[22] and the exemption continues

until the journey terminates.[23] The exemption continues as long as the journey is being pursued[24] in good faith,[25] and ends when the journey does.[26] Mere delay does not deprive one of the traveling defense but, when one turns aside from his or her journey to partake of any pleasure or business not connected with the journey, he or she may lose his or her traveler status.[27]

While stopping in towns, villages, or cities, travelers do not need weapons any more than citizens do,[28] and consequently should lay them aside[29] or change the manner of carrying them so as not to offend against the statute,[30] unless the delay be slight, and the journey soon resumed.[31] During a merely temporary cessation of the journey a traveler may carry a weapon while engaged in procuring a conveyance[32] or while engaged in, or transacting other legitimate business connected with, the prosecution of his or her journey.[33]

After arriving in a city, a traveler should be given a reasonable opportunity to dispose of his weapons and comply with the law,[34] and if he or she takes lodging in a hotel or elsewhere said individual may be deemed a traveler until he or she reaches his or her room.[35] But a traveler has no right to carry weapons during the remainder of his or her stay in the city.[36] Even though the cessation of the journey is only temporary, a traveler is not entitled to carry a prohibited weapon while he or she strolls idly through the streets or public places of the community,[37] or visits places devoted to gambling[38] or the sale of intoxicating liquor,[39] and mingles generally with the citizens either for business or pleasure.[40]

## § 24 Other persons

**Some statutes prohibiting the carrying or possession of weapons exempt postmasters and mail carriers, common carriers, military personnel, and certain other persons.**

### Research References

West's Key Number Digest: Weapons ⇐11, 11(.5) to (3)

Statutes prohibiting the carrying or possession of weapons apply to postmasters[1] and mail carriers,[2] unless excepted by the

---

Miss.—L.M., Jr. v. State, 600 So. 2d 967 (Miss. 1992).

Mo.—State v. Collins, 879 S.W.2d 585 (Mo. Ct. App. W.D. 1994).

Tex.—Birch v. State, 948 S.W.2d 880 (Tex. App. San Antonio 1997).

[2]Ark.—Riggins v. State, 17 Ark. App. 68, 703 S.W.2d 463 (1986).

[3]Ark.—Hathcote v. State, 55 Ark. 181, 17 S.W. 721 (1891).

[4]Mo.—State v. Purlee, 839 S.W.2d 584 (Mo. 1992).

[5]U.S.—U.S. v. Prieto-Tejas, 783 F.2d 1260 (5th Cir. 1986).

[6]Tex.—Birch v. State, 948 S.W.2d 880 (Tex. App. San Antonio 1997).

[7]Ark.—Riggins v. State, 17 Ark. App. 68, 703 S.W.2d 463 (1986).

Miss.—L.M., Jr. v. State, 600 So. 2d 967 (Miss. 1992).

**Relocation**

"Traveling" defense to misdemeanor charge of unlawfully carrying a weapon includes person engaged in moving from one residence to another.

Tex.—Senters v. State, 648 S.W.2d 30 (Tex. App. Dallas 1983).

[8]Ark.—Ellington v. Denning, 99 Ark. 236, 138 S.W. 453 (1911).

[9]Ind.—State v. Smith, 157 Ind. 241, 61 N.E. 566 (1901).

[10]Ala.—Gholson v. State, 53 Ala. 519, 1875 WL 1196 (1875).

[11]Ark.—Hathcote v. State, 55 Ark. 181, 17 S.W. 721 (1891).

[12]Ark.—Hathcote v. State, 55 Ark. 181, 17 S.W. 721 (1891).

[13]Tex.—Birch v. State, 948 S.W.2d 880 (Tex. App. San Antonio 1997).

[14]Mo.—State v. Collins, 879 S.W.2d 585 (Mo. Ct. App. W.D. 1994).

Tex.—Matocha v. State, 890 S.W.2d 144 (Tex. App. Texarkana 1994), reh'g overruled, (Dec. 22, 1994) and petition for discretionary review refused, (Jan. 10, 1996).

[15]Tex.—Hancock v. State, 106 Tex. Crim. 666, 294 S.W. 218 (1927).

[16]Tex.—Matocha v. State, 890 S.W.2d 144 (Tex. App. Texarkana 1994), reh'g overruled, (Dec. 22, 1994) and petition for discretionary review refused, (Jan. 10, 1996).

[17]Tex.—Soderman v. State, 915 S.W.2d 605 (Tex. App. Houston 14th Dist. 1996), reh'g overruled, (Feb. 15, 1996).

[18]Tex.—Williams v. State, 74 Tex. Crim. 639, 169 S.W. 1154 (1914).

[19]Miss.—L.M., Jr. v. State, 600 So. 2d 967 (Miss. 1992).

[20]Mo.—State v. Collins, 879 S.W.2d 585 (Mo. Ct. App. W.D. 1994).

Tex.—Paulk v. State, 97 Tex. Crim. 415, 261 S.W. 779 (1924).

[21]Tex.—Wortham v. State, 95 Tex. Crim. 135, 252 S.W. 1063 (1923).

[22]Tex.—Campbell v. State, 58 Tex. Crim. 349, 126 S.W. 893 (1910).

[23]Tex.—Grant v. State, 112 Tex. Crim. 20, 13 S.W.2d 889 (1928).

[24]Tex.—Navarro v. State, 50 Tex. Crim. 326, 96 S.W. 932 (1906); Lawson v. State, 31 S.W. 645 (Tex. Crim. App. 1895).

[25]Tex.—Grant v. State, 112 Tex. Crim. 20, 13 S.W.2d 889 (1928).

[26]U.S.—U.S. v. Pozos, 697 F.2d 1238 (5th Cir. 1983).

[27]Tex.—Birch v. State, 948 S.W.2d 880 (Tex. App. San Antonio 1997).

**Effect of interruption**

Under concealed weapons statute exempting persons traveling on continuous journey peaceably through the state, testimony of defendant's girl friend that he arrived in Carthage from country of Mexico evening before his arrest and planned to go to Alton, Illinois, night of his arrest did not convert his shopping trip to Carthage into continuous journey through the state.

Mo.—State v. Baker, 639 S.W.2d 617 (Mo. Ct. App. S.D. 1982).

[28]Miss.—Rosaman v. City of Okolona, 85 Miss. 583, 37 So. 641 (1905).

[29]Tex.—Smith v. State, 77 Tex. Crim. 489, 179 S.W. 711 (1915).

[30]Ala.—Eslava v. State, 49 Ala. 355, 1873 WL 836 (1873).

[31]Ark.—Carr v. State, 34 Ark. 448, 1879 WL 1325 (1879).

[32]Tex.—Stilly v. State, 27 Tex. App. 445, 11 S.W. 458 (Ct. App. 1889).

[33]Tex.—Witt v. State, 89 Tex. Crim. 368, 231 S.W. 395 (1921).

[34]Tex.—Kemp v. State, 116 Tex. Crim. 90, 31 S.W.2d 652 (1930).

[35]Tex.—Ballard v. State, 74 Tex. Crim. 110, 167 S.W. 340 (1914).

[36]Tex.—Smith v. State, 77 Tex. Crim. 489, 179 S.W. 711 (1915).

[37]Tex.—Alexander v. State, 57 Tex. Crim. 252, 122 S.W. 387 (1909).

[38]Tex.—Stilly v. State, 27 Tex. App. 445, 11 S.W. 458 (Ct. App. 1889).

[39]Tex.—Alexander v. State, 57 Tex. Crim. 252, 122 S.W. 387 (1909).

[40]Ark.—Carr v. State, 34 Ark. 448, 1879 WL 1325 (1879).

[Section 24]

[1]Mo.—State v. Jackson, 283 Mo. 18, 222 S.W. 746 (1920).

[2]Tex.—Lattimore v. State, 65 Tex. Crim. 490, 145 S.W. 588 (1912).

statutes.[3] Within the meaning of statutory exceptions, postmasters may be civil officers,[4] but mail carriers are not exempt as civil officers of the United States,[5] or as revenue officers, or officers of the same or a similar kind as revenue officers,[6] or as officers charged with the execution of the state laws.[7]

Statutes making it a criminal offense to drill or parade with firearms may exempt regularly organized militia or troops, or other military bodies, without becoming vulnerable to criticism as class legislation.[8] It has been held that United States soldiers, although not expressly excepted, are nevertheless outside of the purview of statutes making it unlawful to have or carry weapons, provided they are in the active discharge of their duties.[9]

Within the meaning of a statute making it unlawful to have, carry, or wear certain weapons concealed on the person, an exemption of persons acting or engaged in the business of common carriers means something more than persons engaged in common carrying,[10] and includes persons acting or engaged in the business of common carriers other than the actual transportation of freight or passengers,[11] such as watchmen or others employed in guarding the trains, depots, or other property of common carriers.[12]

## § 25 On owner's premises

**Under some statutes the carrying or possession of a forbidden weapon is lawful if at one's home, premises, or place of business, and unlawful if off of such property.**

### Research References

West's Key Number Digest: Weapons ⚷11, 11(.5) to (3)

Under some provisions, one's home or abode,[1] place of business,[2] and other lands possessed by him or her[3] are expressly excepted from the operation of statutes making it unlawful to carry or possess weapons, and, of course, under such statutes the carrying or possession of a prohibited weapon is lawful if at one's home,[4] premises,[5] or place of business,[6] and unlawful if off of one's premises[7] or place of business.[8] This does not mean, however, that the exception confers any right to have or carry weapons on one's premises in violation of some other provision of the law.[9]

## § 26 On owner's premises—What constitutes premises

**A person is at his or her home or on his or her own premises, so as to be exempt from a statutory prohibition against the carrying or possession of weapons, if he or she lives on the premises and has exclusive possession, without respect to whether he or she has legal title thereto.**

### Research References

West's Key Number Digest: Weapons ⚷11, 11(.5) to (3)

As used in statutes allowing the carrying or possession of weapons when on one's abode or own premises, the word "premises" means one's residence or domicile,[1] and is synonymous with land.[2] For a person to be at his or her home or on his own premises, it is not necessary that he or she have the legal title thereto.[3] In essence it is sometimes more a question of the fact of possession than it is of the right of possession or the ownership of the fee.[4] The exception is ordinarily satisfied if the person lives on the premises[5] and has exclusive possession[6] or some degree of actual dominion or control[7] of that part of the premises on which the alleged offense was committed. The act of living or being on the premises must normally be with the permission or without the rightful interference of a person entitled to interfere or to terminate the occupancy.[8] Continuous residence on the premises is not required, if a person regards such premises as his home, and stays there when not engaged elsewhere.[9] Moreover, a place of temporary residence may comprise the premises contemplated by the exception.[10] In other words, a person may have more than one place of residence.[11]

*Spouses and children.*

Within the meaning of the exception for the carrying of weapons on one's own premises, the place of residence of one of two married persons who have only temporarily separated, and have not been divorced,[12] may be deemed the premises of the other while the latter is staying there.[13] However, premises owned by one of such persons in common with others, and occupied by a third person, are not the premises of the other spouse.[14] Where a parent and a child make their home together, the premises of the one may be regarded as the premises of the other[15] within the limits of the curtilage,[16] and also outside of such limits, if there exists the requisite element of control over the outlying premises.[17]

*Landlords and tenants.*

Under a statutory exception permitting the carrying or possession of weapons on one's own premises, a tenant may carry or possess weapons on the leased premises,[18] and also on the landlord's adjacent premises comprising in effect a part of the property demised.[19] This rule applies even though the lease has ex-

---

[3] Tex.—Love v. State, 32 Tex. Crim. 85, 22 S.W. 140 (1893).

[4] Tex.—Love v. State, 32 Tex. Crim. 85, 22 S.W. 140 (1893).

[5] N.C.—State v. Boone, 132 N.C. 1107, 44 S.E. 595 (1903).

[6] Tex.—Lattimore v. State, 65 Tex. Crim. 490, 145 S.W. 588 (1912).

[7] W.Va.—State v. Barnett, 34 W. Va. 74, 11 S.E. 735 (1890).

[8] Mass.—Com. v. Murphy, 166 Mass. 171, 44 N.E. 138 (1896).

[9] Tex.—Lann v. State, 25 Tex. App. 495, 8 S.W. 650 (Ct. App. 1888).

[10] Nev.—Ex parte Davis, 33 Nev. 309, 110 P. 1131 (1910).

Railroad trains as constituting employees' place of business see subdivision h (3) of this section.

[11] Nev.—Ex parte Davis, 33 Nev. 309, 110 P. 1131 (1910).

[12] Nev.—Ex parte Davis, 33 Nev. 309, 110 P. 1131 (1910).

[Section 25]

[1] U.S.—Marshall v. Walker, 958 F. Supp. 359 (N.D. Ill. 1997).

Fla.—State v. Paulk, 588 So. 2d 60 (Fla. Dist. Ct. App. 5th Dist. 1991).

Hawaii—State v. Jenkins, 93 Haw. 87, 997 P.2d 13 (Haw. 2000).

Pa.—Com. v. Lopez, 523 Pa. 126, 565 A.2d 437 (1989).

[2] U.S.—Marshall v. Walker, 958 F. Supp. 359 (N.D. Ill. 1997).

Ga.—Ely v. State, 222 Ga. App. 651, 475 S.E.2d 647 (1996).

Hawaii—State v. Jenkins, 93 Haw. 87, 997 P.2d 13 (Haw. 2000).

[3] Mich.—People v. Gatt, 77 Mich. App. 310, 258 N.W.2d 212 (1977).

[4] D.C.—Morton v. U.S., 183 F.2d 844 (D.C. Cir. 1950).

[5] Tex.—Baggett v. State, 20 S.W.2d 774 (Tex. Crim. App. 1929).

[6] Tex.—Hutchins v. State, 51 Tex. Crim. 339, 101 S.W. 795 (1907).

[7] Tex.—Mireles v. State, 80 Tex. Crim. 648, 192 S.W. 241 (1917).

[8] Tex.—Hutchins v. State, 51 Tex. Crim. 339, 101 S.W. 795 (1907).

[9] Tex.—Gibbs v. State, 70 Tex. Crim. 278, 156 S.W. 687 (1913).

[Section 26]

[1] Pa.—Com. v. Ortiz, 558 Pa. 473, 738 A.2d 403 (1999).

[2] N.C.—State v. Terry, 93 N.C. 585, 1885 WL 1741 (1885).

[3] Tex.—Craig v. State, 60 Tex. Crim. 195, 131 S.W. 562 (1910).

[4] N.C.—State v. Perry, 120 N.C. 580, 26 S.E. 915 (1897).

[5] Tex.—Fields v. State, 74 Tex. Crim. 70, 166 S.W. 1166 (1914).

[6] Ark.—Brown v. State, 159 Ark. 498, 252 S.W. 18, 31 A.L.R. 1126 (1923).

Motel room

Fla.—Cockin v. State, 453 So. 2d 189 (Fla. Dist. Ct. App. 3d Dist. 1984).

[7] Ark.—Clark v. State, 49 Ark. 174, 4 S.W. 658 (1887).

[8] Ga.—Smith v. State, 14 Ga. App. 823, 82 S.E. 355 (1914).

[9] Tex.—Rather v. State, 87 Tex. Crim. 624, 224 S.W. 776 (1920).

[10] Tex.—Campbell v. State, 28 Tex. App. 44, 11 S.W. 832 (Ct. App. 1889).

[11] Tex.—Rather v. State, 87 Tex. Crim. 624, 224 S.W. 776 (1920).

[12] Tex.—Solosky v. State, 90 Tex. Crim. 537, 236 S.W. 742 (1922).

[13] Tex.—Jones v. State, 97 Tex. Crim. 567, 263 S.W. 586 (1924).

[14] Tex.—Brannon v. State, 23 Tex. App. 428, 5 S.W. 132 (Ct. App. 1887).

[15] Tex.—Rather v. State, 87 Tex. Crim. 624, 224 S.W. 776 (1920).

[16] Ark.—Lemmons v. State, 56 Ark. 559, 20 S.W. 404 (1892).

[17] Ark.—Lemmons v. State, 56 Ark. 559, 20 S.W. 404 (1892).

[18] Tex.—Rogers v. State, 85 Tex. Crim. 421, 213 S.W. 637 (1919).

[19] Tex.—Mireles v. State, 80 Tex. Crim. 648, 192 S.W. 241 (1917).

pired,[20] but it is subject to the qualification that the tenant must be in occupation of the premises.[21] During such time as the tenant has actual possession, the premises belong, not to the landlord, but to the tenant.[22] However, in a landlord-tenant situation, the tenant's abode or residence does not include the common areas of the building.[23]

*Licensees.*

A licensee having merely the privilege of entering on lands for a special purpose, as to turn his or her horses into a pasture,[24] or to obtain wood for fuel[25] or timber for fence rails,[26] cannot properly claim that such lands are his premises for the purposes of the exception.

*Employers and employees.*

Where a person is employed on the premises of another, such premises, although deemed under proper circumstances to be the employee's place of business, cannot be said to be the employee's own premises within the statutory exemption for the carrying of weapons on one's own premises,[27] even though, it has been held, he or she lives on the premises,[28] unless, it has been held, he or she is in or near his or her lodgings.[29]

## § 27 On owner's premises—Place of business exception

**Under statutes excepting one's place of business from a prohibition against the carrying or possession of weapons, "place of business" may be described broadly as the place where a person earns his livelihood.**

**Research References**

West's Key Number Digest: Weapons ⟹11, 11(.5) to (3)

Within the import of statutes excepting one's place of business from a prohibition against the carrying or possession of weapons, "place of business" may be described broadly as the place where a person earns his or her livelihood.[1] This place, however, may not extend indefinitely or illimitably.[2] It may not embrace the open woods[3] or prairie,[4] or the public roads,[5] or other place in connection with which the person invoking the exception has no right of exclusive appropriation.[6] The place of business contemplated by the exception has reference to a particular locality appropriated to a business,[7] and includes not only the store[8] or shop,[9] but also the factory[10] and the farm.[11] However, the term is generally limited to persons who have a proprietary or possessory interest in the business whose premises are at issue,[12] and does not reach employees.[13] In addition, some courts hold that an illegal business cannot qualify as a business for purposes of the exemption.[14]

*Vehicles.*

As to persons engaged in transportation, some courts have held that the term includes the conveyances on which they ride in the performance of their duties,[15] but the weight of authority appears to be that vehicles cannot be places of business for purposes of an exemption.[16]

*Limitations.*

Determining the applicability of the place of business exception involves a mixed question of law and fact.[17] A number of factors may bear on the applicability of the place of business exception, including whether or not the weapon could reasonably be considered necessary or authorized for protection of persons or property, and whether application of the exception would defeat the overriding purpose of the statute, which is to limit the use of concealed weapons.[18] Thus, the place of business exception does not apply when the person possessing the weapon does so to accomplish some illicit purpose, or where the weapon is used for some purpose outside the scope of the business.[19]

### 7. *Charges and Defenses*

## § 28 Charging of offenses

**In a prosecution for carrying or possessing a weapon, the offense must be charged with precision and certainty.**

**Research References**

West's Key Number Digest: Weapons ⟹17, 17(1)

Like indictments and other charging instruments generally, those issued in weapons prosecutions are required to contain the elements of the offense charged, fairly apprise the defendant of the charges against which he or she must defend, and afford protection against the risk of double jeopardy in the event of conviction.[1] In a prosecution for carrying or possessing a weapon, the offense must be charged with precision and certainty,[2] in language which is at least as descriptive of the offense as is the language of the statute.[3] It is necessary to allege all the essential elements of the offense as defined by the stat-

---

[20] Tex.—Craig v. State, 60 Tex. Crim. 195, 131 S.W. 562 (1910).

[21] Ark.—Lemmons v. State, 56 Ark. 559, 20 S.W. 404 (1892).

[22] Ark.—Jones v. State, 55 Ark. 186, 17 S.W. 719 (1891).

[23] Pa.—Com. v. Ortiz, 558 Pa. 473, 738 A.2d 403 (1999).

Tex.—Elliott v. State, 39 Tex. Crim. 242, 45 S.W. 711 (1898).

[24] Tex.—Whitesides v. State, 42 Tex. Crim. 151, 58 S.W. 1016 (1900).

[25] Ark.—Lemmons v. State, 56 Ark. 559, 20 S.W. 404 (1892).

[26] Ark.—Lemmons v. State, 56 Ark. 559, 20 S.W. 404 (1892).

[27] N.J.—State v. Bloom, 11 N.J. Misc. 522, 167 A. 221 (Sup. Ct. 1933).

[28] N.C.—State v. Deyton, 119 N.C. 880, 26 S.E. 159 (1896).

[29] N.C.—State v. Perry, 120 N.C. 580, 26 S.E. 915 (1897).

[Section 27]

[1] Ga.—Coker v. State, 12 Ga. App. 425, 76 S.E. 103 (1912).

[2] Tex.—Baird v. State, 38 Tex. 599, 1873 WL 7471 (1873).

[3] Tex.—Baird v. State, 38 Tex. 599, 1873 WL 7471 (1873).

[4] Tex.—Baird v. State, 38 Tex. 599, 1873 WL 7471 (1873).

[5] Ga.—Foy v. State, 33 Ga. App. 676, 127 S.E. 619 (1925).

[6] Ga.—Reagan v. State, 16 Ga. App. 369, 85 S.E. 353 (1915).

**Sidewalk**

Sidewalk, which is subject to regulation use by the municipality, does not come within the language "except when on his own land or in his own abode or fixed place of business" as an exception to statute prohibiting possession of a handgun, even if the sidewalk is in front of the defendant's place of residence.

Ill.—People v. Carter, 111 Ill. App. 3d 994, 67 Ill. Dec. 604, 444 N.E.2d 840 (4th Dist. 1983).

[7] Tex.—Baird v. State, 38 Tex. 599, 1873 WL 7471 (1873).

[8] Tex.—Baird v. State, 38 Tex. 599, 1873 WL 7471 (1873).

[9] Tex.—Baird v. State, 38 Tex. 599, 1873 WL 7471 (1873).

[10] Ga.—Newman v. Griffin Foundry & Machine Co., 38 Ga. App. 518, 144 S.E. 386 (1928).

[11] Ga.—Coker v. State, 12 Ga. App. 425, 76 S.E. 103 (1912).

[12] D.C.—Scott v. U.S., 392 A.2d 4 (D.C. 1978).

[13] D.C.—Berkley v. U. S., 370 A.2d 1331 (D.C. 1977).

Ill.—People v. Free, 112 Ill. App. 3d 449, 68 Ill. Dec. 81, 445 N.E.2d 529 (4th Dist. 1983).

Ind.—Youngblood v. State, 515 N.E.2d 522 (Ind. 1987).

[14] Ind.—Youngblood v. State, 515 N.E.2d 522 (Ind. 1987).

[15] Cal.—People v. Marotta, 128 Cal. App. 3d Supp. 1, 180 Cal. Rptr. 611 (1981).

Tex.—Barker v. Satterfield, 111 S.W. 437 (Tex. Civ. App. 1908).

[16] D.C.—Yirenkyi v. District of Columbia Hackers' License Appeal Bd., 520 A.2d 328 (D.C. 1987).

Iowa—State v. Erickson, 362 N.W.2d 528 (Iowa 1985).

Mich.—People v. Wallin, 172 Mich. App. 748, 432 N.W.2d 427 (1988).

[17] N.Y.—People v. McWilliams, 96 Misc. 2d 648, 409 N.Y.S.2d 610 (County Ct. 1978).

[18] N.Y.—People v. McWilliams, 96 Misc. 2d 648, 409 N.Y.S.2d 610 (County Ct. 1978).

[19] N.Y.—People v. McWilliams, 96 Misc. 2d 648, 409 N.Y.S.2d 610 (County Ct. 1978).

[Section 28]

[1] Wyo.—Taylor v. State, 7 P.3d 15 (Wyo. 2000).

[2] Me.—State v. Longley, 119 Me. 535, 112 A. 260 (1921).

[3] Tex.—Brito v. State, 279 S.W.2d 104 (Tex. Crim. App. 1955).

**Citation**

In contrast to a complaint or information, a citation is issued by an officer at the scene and defendants so charged are aware of the particular incident for which they are charged, and presumably know the facts underlying the charge. Consequently, although the essential elements rule applies to a citation, less specificity is required

◁4   WEAPONS

95A F P D 4th–646

**For later cases see Topic and Key Number in Pocket Part**

Prevention and Control Act of 1970, § 406, 21
U.S.C.A. § 844.

Government of Virgin Islands v. Knight,
996 F.2d 36, certiorari denied 114 S.Ct.
357, 510 U.S. 937, 126 L.Ed.2d 321.

**D.Virgin Islands 1991.** Under Virgin Islands law, elements of unauthorized possession of firearm by convicted felon are that defendant had, owned, or possessed firearm, that defendant was transported or carried firearm, that defendant was unauthorized to do so, and that defendant was previously convicted of felony in any state, territory, or federal court of United States.

764 F.Supp. 1042, affirmed 989 F.2d 619, certiorari denied 114 S.Ct. 556, 510 U.S. 994, 126 L.Ed.2d 457.

**W.D.Wash. 1987.** Reversal, on constitutional ground, of defendant's earlier narcotics conviction, which served as predicate for subsequent firearms violations, did not require reversal of firearms convictions, where calling into question of firearms violations...
924, 102 L.Ed.2d 323.

Congress' rationale in enacting statutes prohibiting convicted felons from possessing firearms is not concern for public safety and desire to err on side of caution so as to keep firearms away from those believed to present greater threat to community until their status is clarified.

U.S.C.A. § 1202(a).

Bagley, 659 F.Supp. 223, affirmed in part, reversed in part 837 F.2d 371, certiorari denied 109 S.Ct. 304, 488 U.S.

**N.D.Wash. 1992.** In prosecution of defendant for being felon in possession of firearm, fact that defendant has been given a certificate of discharge restoring to possess a firearm under state law, must look to the whole of state law, rather than the defendant's civil rights to possess firearm; if certificate itself, to determine whether the state intended, notwithstanding a general restoration of civil rights, to impose a particular restriction on the convict's possession of firearms. 18 U.S.C.A.(a)(20), 922(g)(1).

Weiss's action in 1989 making it a misdemeanor for a convicted felon to possess a firearm could not act retroactively to render defendant whose conviction of a firearm...

**A.Virgin Islands 1991.** Under Virgin Islands law...
924, 102 L.Ed.2d 323.

**D.Virgin Islands 1991.** Under...

**S.D.W.Va. 1995.** Previous Ohio convictions for breaking and entering, grand theft auto and receiving stolen property were not predicate felonies needed for current charge of being felon in possession of a firearm given that Ohio had restored defendant's civil rights and Ohio's prohibitions on firearms did not apply to persons convicted of felony of violence or of drug trafficking...
U.S.C.A. §§ 921(a)(20), 922(g)(1).

**S.D.W.Va. 1994.** Conviction for being felon in possession of firearm cannot be predicated on previous state firearm conviction for which person's civil rights have been restored...
U.S.C.A. §§ 921(a)(20), 922(g)(1); W.Va.Code, 61-7-7.

**S.D.W.Va. 2000.** In order to prove defendant's guilt for firearm...
U.S.C.A. §§ 921(a)(20), 922(g)(1); W.Va. Code, 61-7-7.

**S.D.W.Va. 2000.** Bureau of Alcohol, Tobacco and Firearms (ATF) failure to include provision of statute prohibiting conviction for being a felon in possession of a firearm if defendant's civil rights have been restored to prior felon, consequently, for states having no general restoration of rights statute for criminal offenders and no procedure for issuing certificates of discharge restoring civil rights...
U.S. v. Curr, 122 F.Supp.2d 702.

**S.D.W.Va. 2000.** In determining whether person's civil rights have been restored for being a felon in possession of a firearm if defendant's civil rights have been restored to prior felon, consequently, for states having no general restoration of rights statute...
U.S. v. Stump, 784 F.Supp. 326.

In determining whether person's civil rights have been restored for purpose...
Berger v. U.S., 867 F.Supp. 424.

Under West Virginia law, defendant's civil rights were not automatically restored upon completion of sentence; defendant served no determinate...
Berger v. U.S., 867 F.Supp. 424.

Lack of any stating that defendant's civil rights had been restored meant that West Virginia statute did not restoration of whether it was restored for all purposes of statute criminal conviction was being a felon in possession of a firearm; restoration...
§§ 921(a)(20), 922(g).
Berger v. U.S., 867 F.Supp. 424.

Under West Virginia law, defendant's civil rights were not automatically restored upon completion of sentence; defendant served no determinate sentence...
§§ 921(a)(20), 922(g).
Berger v. U.S., 867 F.Supp. 424.

term "civil rights" within meaning of statute precluding conviction for being felon in possession of firearm if defendant's civil rights restored...
U.S.C.A. §§ 921(a)(20), 922(g); W.Va. Code, 3-1-3, 6-5.

**E.D.Wis. 2000.** Federal statute prohibiting knowing transfer of firearm for use in crime of violence required that transmission, not create chain of felony required federal, not that ambiguity be construed against defendant.
U.S. v. Acosta, 124 F.Supp.2d 631.

**E.D.Wis. 1996.** Defendant may be found guilty of using firearm during and in relation to crime of violence if concomitant possession of firearm in furtherance of...
Worthington, 18 F.Supp.2d 394.

**E.D.Wis. 1995.** Previous felon from service to defendant's performance of jury service for felony...
Berger v. U.S., 867 F.Supp. 424.

In order to convict defendant of possession of firearm in or affecting interstate commerce, government must prove possession by defendant need not prove that the actual effect on interstate commerce, U.S.C.A. Const. Art. I.
U.S. v. Edwards, 894 F.Supp. 340.

**E.D.Wis. 1995.** Statute prohibiting convicted felon from possession of firearm in or affecting interstate commerce does not require showing that firearm possession in question moved in interstate commerce.
U.S.C.A. Const. Art. I, § 8, cl. 3.
U.S. v. Edwards, 894 F.Supp. 340.

On review of administrative decision of whether to offer firearms, court limits its consideration of all firearms, court into existence prior other decision made offered to prove of other crimes, wrongs or acts...
Fed.Rules Evid.Rule 404(b), 28 U.S.C.A.

Revocation of license to sell firearms was sufficiently supported by evidence...
Cisewski v. Department of Treasury, Bureau of Alcohol, Tobacco & Firearms, 773 F.Supp. 148.

**W.D.Wis. 1991.** Prior felony conviction for which defendant's civil rights had been restored could be basis for federal firearm conviction, on showing, in imposing sentence on subsequent felony intended merely to restore defendant to right to recordkeeping regarding sale of firearms and intended merely to restore defendant to right to possession.

**W.D.Wis. 1991.** Certificate of discharge forfeited, was not effective to make federal possession of firearms statute inapplicable to defendant, where felony statute predicated both federal possession statute and West Virginia statute criminalizing possession of firearm by convicted felon unless felon has successfully...

**For references on other topics, see Descriptive-Word Index**

WEAPONS  ◁1

95A F P D 4th–647

⚩4 WEAPONS 95A F P D 4th—640

For later cases see same Topic and Key Number in Pocket Part

to accept the new terms or abandon the purchase. 18 U.S.C.A. § 924(c).
U.S. v. Carreiro, 14 F.Supp.2d 196.

A defendant who is willing to exchange drugs for a firearm and who pursues an opportunity to do so cannot avoid responsibility under statute prohibiting use and carrying of a firearm during and in relation to a drug trafficking crime simply because the opportunity was presented by government agents. 18 U.S.C.A. § 924(c).
U.S. v. Carreiro, 14 F.Supp.2d 196.

**D.R.I. 1996.** For purposes of determining whether defendant may be charged as felon in possession of weapon under federal law, general state statute which bars felon from firearms possession is not negated by statutes of general application which restore other civil rights. 18 U.S.C.A. § 922(g)(1); 18 U.S.C.(1994 Ed.) § 921(a)(20).
Thomas v. U.S., 941 F.Supp. 23.

Defendant who was under suspended sentence when he committed federal crime of being felon in possession of weapon, when he was indicted, when he pleaded, and when he was sentenced, had not had his civil rights restored, under Rhode Island law, prior to his conviction, as would preclude conviction under federal statute. 18 U.S.C.A. § 922(g)(1); 18 U.S.C.(1994 Ed.) § 921(a)(20); R.I.Const. Art. 2, § 1; Art. 3, § 2; R.I.Gen.Laws 1956, § 9–9–1.1(c).
Thomas v. U.S., 941 F.Supp. 23.

Defendant who was forever barred from possessing firearms under Rhode Island law due to his prior controlled substance convictions could be convicted of being felon in possession of weapon under federal statute, even if his civil rights had been restored, under Rhode Island law, prior to conviction. 18 U.S.C.A. § 922(g)(1); 18 U.S.C.(1994 Ed.) § 921(a)(20); R.I.Gen.Laws 1956, §§ 11–47–2(2), 11–47–5(a).
Thomas v. U.S., 941 F.Supp. 23.

**M.D.Tenn. 1997.** Although conviction for using firearm in connection with crime of violence required active employment of firearm under use prong of statute defining crime and petitioner did not himself brandish weapon during bank robbery, petitioner could be convicted of crime, as he was conspirator who could be convicted of offenses committed by other conspirators during and in furtherance of conspiracy, coconspirator used firearm, and petitioner was well aware of coconspirator's intentions. 18 U.S.C.A. § 924(c)(1).
Stewart v. U.S., 973 F.Supp. 764.

**M.D.Tenn. 1995.** Statute criminalizing possession of firearm by convicted felon is valid exercise of Congress' power under Commerce Clause and is constitutional; statute contains jurisdictional element limiting statute's application to cases that contain requisite nexus between firearm and interstate commerce. U.S.C.A. Const. Art. 1, § 8, cl. 3; 18 U.S.C.A. § 922(g).
U.S. v. Bell, 897 F.Supp. 1039.

**M.D.Tenn. 1992.** In determining whether defendant is "convicted felon" prohibited by federal law from possessing firearm, court must first determine whether defendant's civil rights to vote, to seek and hold public office, and to serve on jury have been restored and, if so, whether state has expressly limited defendant's firearms privileges; if civil rights have not been restored, or if there is any limitation on defendant's right to possess any type of firearm because of his conviction, he is subject to federal firearms disabilities. 18 U.S.C.A. §§ 921(a)(20), 922(g)(1).
U.S. v. White, 808 F.Supp. 586.

Defendant was "convicted felon" for purposes of convicted felon in possession of firearm charge, even though Tennessee statutes allegedly did not prohibit him from possessing firearm in connection with his Tennessee felony offense of grand larceny, as defendant had not shown that his civil rights to vote and to seek and hold public office had been restored under Tennessee law. 18 U.S.C.A. §§ 921(a)(20), 922(g)(1); T.C.A. §§ 22–1–102, 39–17–1307, 40–20–114, 40–29–101, 40–29–102, 40–29–105(b)(1, 3).
U.S. v. White, 808 F.Supp. 586.

**M.D.Tenn. 1992.** Individual may be convicted of being a felon in possession of a firearm following a state conviction only if possession of firearm was illegal under state law by reason of the prior felony conviction, regardless of whether there has been an affirmative act of restoring the individual's civil rights. 18 U.S.C.A. §§ 921(a)(20), 922(g)(1).
Harris v. U.S., 793 F.Supp. 754.

Defendant could not be convicted of being a felon in possession of a firearm based on prior Tennessee felony conviction for fraudulent use of automobile, where, under Tennessee law, his right to bear arms was restored to him upon termination of probation, in that the offense was not infamous crime and was not committed through use of force or violence. 18 U.S.C.A. §§ 921(a)(20), 922(g)(1); T.C.A. §§ 39–4921 (now § 39–6–1716), 39–17–1307(b)(1)(A), 40–2712 (now § 40–20–112).
Harris v. U.S., 793 F.Supp. 754.

**E.D.Tex. 2000.** Congress' failure to provide funding to Bureau of Alcohol, Tobacco and Firearms (ATF) for reviewing applications by convicted felons seeking relief from disabilities under Federal Firearms Act did not suspend section of Act providing relief from firearm disabilities, but merely suspended ATF's ability

For cited U.S.C.A. sections and legislative history, see United States Code Annotated

95A F P D 4th—641 WEAPONS ⚩4

For references to other topics, see Descriptive-Word Index

to investigate or act upon applications for relief by individuals. 18 U.S.C.A. § 925(c).
Bean v. U.S., 89 F.Supp.2d 828, affirmed 253 F.3d 234.

Convicted felon's failure to exhaust his administrative remedies with Bureau of Alcohol, Tobacco and Firearms (ATF) prior to filing petition for judicial relief from disabilities under Federal Firearms Act was excused on grounds of futility and inadequacy; lack of appropriations prevented ATF from reviewing applications to restore federal firearms privileges and Act gave district court discretion to create or supplement administrative record to avoid miscarriage of justice. 18 U.S.C.A. § 925(c).
Bean v. U.S., 89 F.Supp.2d 828, affirmed 253 F.3d 234.

Foreign conviction cannot, as de facto rule, serve as predicate offense for purposes of restricting person's federal firearms privileges under Federal Firearms Act. 18 U.S.C.A. § 922(g)(1).
Bean v. U.S., 89 F.Supp.2d 828, affirmed 253 F.3d 234.

Felon who had been convicted in Mexico for illegally introducing ammunition into country was entitled to have his federal firearms privileges restored under Federal Firearms Act; evidence indicated that felon, who had previously been licensed firearm dealer and had no convictions in United States other than minor traffic offenses, would not be danger to public if he were allowed to possess firearm and that granting felon relief from firearms disability would not be contrary to public interest. 18 U.S.C.A. § 922(g)(1).
Bean v. U.S., 89 F.Supp.2d 828, affirmed 253 F.3d 234.

**E.D.Tex. 1993.** Actual use of firearm is not required to prove element of "uses or carries" in prosecution for using or carrying firearm in relation to drug trafficking crime; it is enough that defendant possessed or had access to the weapon. 18 U.S.C.A. § 924(c)(1).
Thomas v. U.S., 813 F.Supp. 496.

**N.D.Tex. 1996.** Storage of firearm near drugs intended to be distributed, without more, does not constitute offense of using or carrying firearm in connection with drug trafficking activities. 18 U.S.C.A. § 924(c).
U.S. v. Pecina, 952 F.Supp. 409, affirmed 129 F.3d 607, certiorari denied 118 S.Ct. 1108, 522 U.S. 1141, 140 L.Ed.2d 161.

**N.D.Tex. 1989.** Robbery of savings and loan association was "crime of violence" within meaning of prohibition against use or carrying of firearm during crime of violence. 18 U.S.C.A. § 924(c), (c)(3)(B).
U.S. v. Farguson, 721 F.Supp. 128.

**N.D.Tex. 1988.** Possession of controlled substance with intent to distribute is "drug trafficking crime" within meaning of statute prohibiting use of firearm in relation to drug trafficking crime. 18 U.S.C.A. § 924(c); Comprehensive Drug Abuse Prevention and Control Act of 1970, § 401(a)(1), 21 U.S.C.A. § 841(a)(1).
U.S. v. Pollack, 701 F.Supp. 117, affirmed 890 F.2d 1162.

**S.D.Tex. 2000.** Defendant used and carried pistol when he falsely arrested and raped victim and when he conspired to tamper with witness by attempting to kill her, as required to support conviction for using or carrying firearm during crime of violence, where defendant wore pistol when he accosted victim, brandished it, and placed it on roof of car for instant access, and after he was charged he told his accomplices that his gun was a device to control testimony that would silence victim. 18 U.S.C.A. § 924(c)(1).
U.S. v. Contreras, 134 F.Supp.2d 820.

**S.D.Tex. 1999.** Indictment against defendant for being felon in possession of firearm was precluded by defendant's completion of sentence for Michigan felony conviction, and therefore, pursuant to Michigan law, he was no longer prohibited from possessing firearm at time agents seized firearms from his residence. 18 U.S.C.A. §§ 921(a)(20), 922(g)(1); M.C.L.A. §§ 28.422(3)(d), 600.1307a(1)(e), 750.224f; MCR 2.511(D)(2), 6.412(D).
U.S. v. Bolton, 32 F.Supp.2d 461.

**S.D.Tex. 1989.** Alien applicant for adjustment of status to permanent resident was not "illegally" or "unlawfully" in the United States within the meaning of firearms statutes, since applicant was not "without authorization" to remain in the United States. 18 U.S.C.A. § 922(a)(6), (g)(5).
U.S. v. Brissett, 720 F.Supp. 90.

**W.D.Tex. 1999.** Federal officials' enforcement of laws dealing with possession and manufacture of illegal firearms against religious group did not violate group's right to freedom of religion under the First Amendment; laws applied to all individuals equally, regardless of their religious practices or affiliation. U.S.C.A. Const.Amend. 1.
Andrade v. Chojnacki, 65 F.Supp.2d 431.

**W.D.Tex. 1999.** Conviction for possession of gun in interstate commerce while subject to restraining order did not violate due process, even if defendant was unaware of statutory prohibition. U.S.C.A. Const.Amend. 5; 18 U.S.C.A. § 922(g)(8).
U.S. v. Spruill, 61 F.Supp.2d 587.

**D.Utah 2001.** "Possession" means actual physical possession, just as having the drugs or

For cited U.S.C.A. sections and legislative history, see United States Code Annotated

weapons in one's hand, in one's home or other place under one's exclusive control.
U.S. v. Tucker, 150 F.Supp.2d 1263.

**D.Utah 2001.** The offense of possession of a firearm after a domestic violence conviction does not require that the relationship between the defendant and the victim was an element of the predicate offense. 18 U.S.C.A. § 922(a)(33), (g)(2).
U.S. v. Thomson, 134 F.Supp.2d 1227.

**D.Utah 1999.** A gun is not related to a drug trafficking crime, for purposes of statute imposing a five-year prison term on anyone who uses or carries a firearm during and in relation to any drug trafficking crime, if its presence is merely the result of an accident or a coincidence; "in relation to" means, at a minimum, that the gun must have facilitated, or have the potential of facilitating the drug trafficking offense. 18 U.S.C.A. § 924(c)(1).
Anderson v. U.S., 44 F.Supp.2d 1230, affirmed 221 F.3d 1353.

**D.Utah 1994.** Under Utah law, neither citizen nor alien, whose conviction occurred in Utah for predicate purposes of prohibition on possession of firearm by felon can avail themselves of restoration of rights provision of federal law that would relieve them from prohibition. 18 U.S.C.A §§ 921(a)(20), 922(g)(1).
U.S. v. Phetchanphone, 863 F.Supp. 1543.

**D.Utah 1993.** Government is not required to prove, as element of offense of being convicted felon in possession of firearm, continuing validity of prior conviction or whether or not defendant had his civil rights fully restored; instead, defendant can present evidence of pardon, expungement, or restoration of civil rights. 18 U.S.C.A. § 922(g).
U.S. v. Flower, 838 F.Supp. 544, affirmed 29 F.3d 530, certiorari denied 115 S.Ct. 939, 513 U.S. 1129, 130 L.Ed.2d 884.

To determine if defendant, charged with being convicted felon in possession of firearm, has had his civil rights restored following conviction, court must look to whole of state law and not merely at single statute. 18 U.S.C.A. § 922(g).
U.S. v. Flower, 838 F.Supp. 544, affirmed 29 F.3d 530, certiorari denied 115 S.Ct. 939, 513 U.S. 1129, 130 L.Ed.2d 884.

More than de minimis restoration of civil rights is required to take prior conviction out of consideration for predicate status for offense of being felon in possession of firearm. 18 U.S.C.A. § 922(g).
U.S. v. Flower, 838 F.Supp. 544, affirmed 29 F.3d 530, certiorari denied 115 S.Ct. 939, 513 U.S. 1129, 130 L.Ed.2d 884.

Utah statute providing that citizens, including convicted felons, have right to possess firearms for purposes of hunting does not restore civil rights for purposes of removing conviction from consideration as predicate conviction for offense of being felon in possession of firearm; instead, statute sets forth narrow exception to Utah statute prohibiting violent felons from possession firearms. U.C.A.1953, 76–10–501(2)(a), 76–10–503.
U.S. v. Flower, 838 F.Supp. 544, affirmed 29 F.3d 530, certiorari denied 115 S.Ct. 939, 513 U.S. 1129, 130 L.Ed.2d 884.

**D.Vt. 1998.** Under Vermont law, defendant was "convicted" of underlying felonies at time that pled guilty to those felonies and he was therefore subject to prosecution under statute prohibiting possession of a firearm in and affecting interstate commerce by a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, despite fact that he received a deferred sentence for the underlying offenses for which he was still on probation. 18 U.S.C.A. §§ 921(a)(20)(B), 922(g)(1).
U.S. v. Labor, 31 F.Supp.2d 366.

**D.Vt. 1994.** State police are not "equivalent officer" within meaning of provision of Brady Act defining chief law enforcement officer (CLEO) as chief of police, sheriff, or equivalent officer upon whom obligations are imposed in connection with firearms transactions. 18 U.S.C.A. § 922(s)(8).
Frank v. U.S., 860 F.Supp. 1030, affirmed in part, reversed in part 78 F.3d 815, certiorari granted, vacated 117 S.Ct. 2501, 521 U.S. 1114, 138 L.Ed.2d 1007, on remand 129 F.3d 273, affirmed in part, reversed in part 129 F.3d 273.

Vermont State Police never had power to relieve sheriff of obligations as chief law enforcement officer (CLEO) upon whom Brady Act imposes obligations in connection with firearms transactions. 18 U.S.C.A. § 922(s)(2), (s)(6)(B, C).
Frank v. U.S., 860 F.Supp. 1030, affirmed in part, reversed in part 78 F.3d 815, certiorari granted, vacated 117 S.Ct. 2501, 521 U.S. 1114, 138 L.Ed.2d 1007, on remand 129 F.3d 273, affirmed in part, reversed in part 129 F.3d 273.

Brady Act imposes duty on sheriff as chief law enforcement officer (CLEO) to perform some type of background check in connection with firearms transactions. 18 U.S.C.A. § 922(s)(2).
Frank v. U.S., 860 F.Supp. 1030, affirmed in part, reversed in part 78 F.3d 815, certiorari granted, vacated 117 S.Ct. 2501, 521 U.S. 1114, 138 L.Ed.2d 1007, on remand 129 F.3d 273, affirmed in part, reversed in part 129 F.3d 273.

**D.Vt. 1990.** If convicted person has been granted clean slate, he may from that time onward lawfully possess firearm without violating Gun Control Act. 18 U.S.C.A. § 922(g).
U.S. v. Davis, 753 F.Supp. 529.

**D.Vt. 1986.** To prove element of possession under statute prohibiting convicted felons from possessing firearms, government need only prove constructive possession. 18 U.S.C.A.App. § 1202(a)(1).
U.S. v. Montenieri, 652 F.Supp. 237, affirmed 823 F.2d 545.

Constructive possession of firearm by convicted felon is knowledge of existence of weapon, and power and intention to exercise dominion and control over it. 18 U.S.C.A.App. § 1202(a)(1).
U.S. v. Montenieri, 652 F.Supp. 237, affirmed 823 F.2d 545.

**E.D.Va. 2000.** Weapons statute proscribes and punishes two different kinds of conduct: (1) using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime; and (2) possessing a firearm in furtherance of any such crime, and in doing so, defines two different crimes, rather than alternate means of committing one crime. 18 U.S.C.A. § 924(c)(1)(A).
U.S. v. Pleasant, 125 F.Supp.2d 173.

**E.D.Va. 2000.** Firearms and ammunition need not have moved in interstate commerce after coming into felon's possession in order to satisfy "affecting commerce" element of statute proscribing their possession; fact that firearms and ammunition moved in interstate commerce in reaching felon is sufficient. 18 U.S.C.A. § 922(g).
U.S. v. 47 mm Cannon, 95 F.Supp.2d 545.

**E.D.Va. 1999.** Congress, by denying funding to Bureau of Alcohol, Tobacco and Firearms (ATF) to investigate or act on convicted felons' applications to restore their firearm privileges, intended to suspend statute permitting felons to apply for relief from federal firearm disabilities and, thus, court was without jurisdiction to review felon's request for relief from his firearms disabilities. 18 U.S.C.A. § 925(c).
U.S. v. Wiggins, 50 F.Supp.2d 512.

**E.D.Va. 1997.** Defendant may not be convicted of using firearm during and in relation to drug trafficking crime merely for having firearm in his possession. 18 U.S.C.A. § 924(c)(1).
U.S. v. Pitt, 953 F.Supp. 737, affirmed 131 F.3d 138, certiorari denied 118 S.Ct. 1375, 523 U.S. 1053, 140 L.Ed.2d 523.

**E.D.Va. 1996.** Inert presence of firearm is insufficient to trigger statute criminalizing use or carrying of firearm during or in relation to drug trafficking crime. 18 U.S.C.A. § 924(c)(1).
U.S. v. Forrest, 934 F.Supp. 731.

Defendant cannot be charged under statute criminalizing use or carrying of firearm during or in relation to drug trafficking crime merely for storing weapon near drugs or drug proceeds; storage of firearm, without its more active employment, is not reasonably distinguishable from possession. 18 U.S.C.A. § 924(c)(1).
U.S. v. Forrest, 934 F.Supp. 731.

**E.D.Va. 1996.** Under *Bailey*, defendant cannot be charged with using firearm during and in relation to drug trafficking crime merely for storing weapon near drugs or drug proceeds. 18 U.S.C.A. § 924(c)(1).
U.S. v. Crawford, 932 F.Supp. 748.

**E.D.Va. 1996.** Under firearms statute, when record-keeping offenses concerning their own records are at issue, licensed dealers may be only prosecuted for misdemeanor. 18 U.S.C.A. § 924(a)(3).
U.S. v. Wegg, 919 F.Supp. 898.

Record-keeping violation by gun dealer as principal, which could fall within more general provision of firearms statute, and provision applying exclusively to gun dealers, must fall within more specific provision, especially when more specific provision was drafted as exception to general provision. 18 U.S.C.A. § 924(a)(1)(A), (a)(3)(A).
U.S. v. Wegg, 919 F.Supp. 898.

**E.D.Va. 1996.** Federal statute that provides exception for licensed firearms dealers who have timely applied for renewal of license from general prohibition against interstate shipment of firearms by person under indictment for crime punishable by imprisonment over one year does not create in licensed firearms dealer the right to operate under an existing license by filing renewal application not in conformance with the Secretary of Treasury's regulations that require, inter alia, disclosure of the fact of indictment. 18 U.S.C.A §§ 922(n), 925(b); 27 C.F.R. § 178.143.
David v. Mosley, 915 F.Supp. 776, affirmed 103 F.3d 117, certiorari denied 117 S.Ct. 2457, 520 U.S. 1276, 138 L.Ed.2d 214.

Reasonable reading of federal statutory exception, that licensed firearms dealers who have timely applied for renewal of license are exempt from general prohibition against interstate shipment of firearms by person under indictment for crime punishable by imprisonment over one year, would permit law enforcement officers to conclude that a dealer must inform Secretary of Treasury of the fact of an indictment for crime punishable by imprisonment over one year in renewal application and would provide quali-

**Left column (partial, cut off):**

...es of a federal prosecu...
...te prohibiting convicted fe...
...possessing firearm...
...(a)(20), 922(g), (g)(1), W.V...

... 784 F.Supp. 326.

**00.** Bureau of Alcohol T...
...'s (ATF) failure to investigat...
...n's application was not ma...
...ation on the merits," and...
...tute a "denial of applicati...
...t of section establishing juris...
...nt for applications for relief...
...ms disabilities. 18 U.S.C.A...

... 22 F.Supp.2d 702.

**).** In order to prove defe...
...ession of firearm in conne...
...violence or drug trafficking...
...must prove that firearm was...
...rance of crime committed...
...(1).

... 95 F.Supp.2d 595.

Previous Ohio convic...
...rand theft auto and receiv...
...vere not predicate offenses...
...charge of being felon in...
...arm given that Ohio had...
...civil rights and Ohio's pro...
...possession by persons con...
...lence or drug offenses did...
...A. §§ 922(g)(1), 924(a)(2)...
...80 F.Supp. 471.

Conviction for being a...
...firearm cannot be predi...
...ony conviction for which...
...ave been restored, unless...
...rovides that person may...
...ssess or receive firearms...
...v convictions for which...
...l rights restored are ex...
...ion if, in addition, defen...
...s are not restricted. 18...
... 922(g)(1).

...F.Supp. 424.

...within meaning of stat...
...ion for being felon in...
...f defendant's civil rights...
...connection with prior...
...e rights accorded indi...
...or her citizenship in...
...nerally deemed right to...
...ic office, and right to...
...C.A. § 921(a)(20).
...Supp. 424.

...viction unavailable for...
...ion for being a felon in...
...accordance with civil...
...on of statute preclud...
...efendant's civil rights

...ode Annotated

have been restored, restoration of rights need not be complete, but it must be substantial. 18 U.S.C.A. § 921(a)(20).

Berger v. U.S., 867 F.Supp. 424.

In determining whether person's civil rights have been restored for purposes of statute precluding conviction for being a felon in possession of a firearm if defendant's civil rights have been restored with regard to prior felony, courts must look to whole law of the state; consequently, for states having no general restoration of rights statute for criminal offenders and no procedures for affirmative act of issuing certificates of discharge restoring rights on completion of sentence imposed, determination is to be based on other state law stressing specific civil rights. 18 U.S.C.A. § 921(a)(20).

Berger v. U.S., 867 F.Supp. 424.

Determination that state law prohibits or creates significant barrier to defendant's performance of jury service precludes finding that there has been substantial restoration of defendant's civil rights which would bar defendant's conviction of being felon in possession of a firearm; accordingly, firearm conviction may not be avoided where right to perform jury service has not been restored. 18 U.S.C.A. §§ 921(a)(20), 922(g).

Berger v. U.S., 867 F.Supp. 424.

Lack of writing stating that defendant's civil rights had been restored without restriction of his firearms privilege, after defendant served West Virginia sentence, was not determinative of whether his civil rights had been restored for purposes of statute precluding conviction for being a felon in possession of a firearm following civil rights restoration. 18 U.S.C.A. §§ 921(a)(20), 922(g).

Berger v. U.S., 867 F.Supp. 424.

Under West Virginia law, defendant's civil rights were not restored after he completed his probated sentence for West Virginia felony, so as to preclude subsequent federal conviction for being a felon in possession of a firearm; while completion of sentence restored defendant's right to vote and right to hold public office, it did not restore his right to serve on jury. W.Va. Const. Art. 4, § 1, Art. 6, §§ 14, 45; 18 U.S.C.A. §§ 921(a)(20), 922(g); W.Va. Code, 3–1–3, 6–5–5, 52–1–8, 61–5a–9.

Berger v. U.S., 867 F.Supp. 424.

**S.D.W.Va. 1991.** Certificate of discharge from parole, restoring all civil rights theretofore forfeited, was not effective to make federal possession of firearm by felon statute inapplicable to defendant, where certificate predated both federal possession statute and West Virginia statute criminalizing possession of firearm by convicted felon unless felon has successfully

petitioned state court for relief. 18 U.S.C.A. §§ 921(a)(20), 922(g)(1); W.Va.Code, 61–7–7.

U.S. v. Haynes, 785 F.Supp. 574, reversed 961 F.2d 50.

**E.D.Wis. 2000.** Federal statute prohibiting knowing transfer of firearm for use in committing "crime of violence" required that underlying "crime of violence" be in violation of federal statute, not state statute; rule of lenity required ambiguity to be construed narrowly, resolving doubts in defendant's favor. 18 U.S.C.A. § 924(c)(3), (h).

U.S. v. Acosta, 124 F.Supp.2d 631.

**E.D.Wis. 1996.** Defendant may be found guilty of using firearm in relation to crime of violence if cconspirator used or carried firearm during and in relation to conspiracy. 18 U.S.C.A. § 924(c).

Worthington v. U.S., 936 F.Supp. 586.

**E.D.Wis. 1995.** Statute prohibiting convicted felon from possessing firearm in or affecting interstate commerce requires government to prove that firearm possession in question affects interstate commerce. U.S.C.A. Const. Art. 1, § 8, cl. 3; 18 U.S.C.A. § 922(g).

U.S. v. Edwards, 894 F.Supp. 340.

In order to convict defendant of possession by felon of firearm in or affecting interstate commerce, government need not prove that the possession by defendant had some actual effect on interstate commerce. U.S.C.A. Const. Art. 1, § 8, cl. 3; 18 U.S.C.A. § 922(g).

U.S. v. Edwards, 894 F.Supp. 340.

**E.D.Wis. 1991.** On review of administrative revocation of license to sell firearms, court limits its consideration of evidence which came into existence after administrative decision solely to evidence of other crimes, wrongs or acts offered to prove intent, knowledge, or absence of mistake or accident. 18 U.S.C.A. § 923(f)(3); Fed.Rules Evid.Rule 404(b), 28 U.S.C.A.

Cisewski v. Department of Treasury, Bureau of Alcohol, Tobacco & Firearms, 773 F.Supp. 148.

Revocation of license to sell firearms was sufficiently supported by evidence of licensee's continuing violations of state and federal laws and regulations regarding sale of firearms and recordkeeping. 18 U.S.C.A. § 923(e).

Cisewski v. Department of Treasury, Bureau of Alcohol, Tobacco & Firearms, 773 F.Supp. 148.

**W.D.Wis. 1991.** Prior felony conviction for which defendant's civil rights had been restored could be considered by court, in imposing enhanced sentence on subsequent felony firearm conviction, as discharge certificate was intended merely to restore defendant to right to

weapons in one's hand, in one's house or other place under one's own exclusive control.

U.S. v. Tucker, 150 F.Supp.2d 1263.

**D.Utah 2001.** The offense of possession of a firearm in relation to domestic violence conviction does not require that the victim be an element of the predicate offense.

U.S. v. Thomson, 134 F.Supp.2d 1227.

**D.Utah 1999.** A gun is not related to a drug trafficking crime, for purposes of imposing a five-year prison term on anyone who uses or carries a firearm during and in relation to any drug trafficking crime, if its presence is merely "the result of an accident or a coincidence," in relation to; means, or a matter that the gun must have facilitated, or have the potential for facilitating the drug trafficking offense. 18 U.S.C.A. § 924(c)(1).

Anderson v. U.S. 221 F.3d 1353.

**D.Utah 1994.** Under Utah law, neither citizen nor "violose" correct whether possession of firearm by was element of statute for predicate offenses of prohibition on possession of firearm, where predicate offense was "conviction" or whether or not instead, defendant can prove he was fully restored; don, expungement or restoration of civil rights.

18 U.S.C.A. § 922(g).

U.S. v. Flower, 838 F.Supp. 544, affirmed 939, 513 U.S. 1129, 130 L.Ed.2d 884.

To determine if defendant, charged with being convicted felon in possession of firearm, has had his civil rights restored following conviction, court must look to whole of state law § 922(g).

U.S. v. Flower, 838 F.Supp. 544, affirmed 939, 513 U.S. 1129, 130 L.Ed.2d 884.

More than de minimis restoration of civil rights is required to take prior conviction out of consideration for predicate status for offense of being felon in possession of firearm. 18 U.S.C.A. § 922(g).

U.S. v. Flower, 838 F.Supp. 544, affirmed 29 F.3d 530, certiorari denied 115 S.Ct. 939, 513 U.S. 1129, 130 L.Ed.2d 884.

For cited U.S.C.A. sections and legislative history, see United States Code Annotated

---

**For later cases see same Topic and Key Number in Pocket Part**

ing convicted felons have right to possess firearms.

Utah statute providing that citizens, including convicted felons, have right to possess firearms for purposes of hunting does not alter rights for purposes of removing conviction from predicate as predicate conviction for offense of possession of firearm, instead, statute sets forth prohibition on possession of firearm.

Utah statute prohibiting violent felons from possessing firearms. U.C.A.1953, 76-10-501(2)(a).

U.S. v. Flower, 838 F.Supp. 544, affirmed 29 F.3d 530, 513 U.S. 1129, 130 L.Ed.2d 884.

**D.Vt. 1994.** Utah police are not "law enforcement officer" within meaning of provision of Brady Act defining chief law enforcement officer (CLEO) as chief of police, sheriff or equivalent officer upon whom obligations are imposed in connection with firearms transactions. 18 U.S.C.A. § 922(s)(8).

Frank v. U.S. 860 F.Supp 1030, affirmed in part, reversed in part 78 F.3d 815, vacated 117 S.Ct. 2501, 521 U.S. 1114, 138 L.Ed.2d 1007, on remand 129 F.3d 273, affirmed in part, reversed in part 129 F.3d 273.

Vermont State Police never had power to relieve sheriff of obligations as chief law enforcement officer (CLEO) upon whom Brady Act imposes duty to perform some type of background check in connection with firearms transactions. 18 U.S.C.A. § 922(s)(2).

Frank v. U.S. 860 F.Supp. 1030, affirmed in part, reversed in part 78 F.3d 815, certiorari granted, vacated 117 S.Ct. 2501, 521 U.S. 1114, 138 L.Ed.2d 1007, on remand 129 F.3d 273, affirmed in part, reversed in part 129 F.3d 273.

**D.Vt. 1995.** Under Vermont law, defendant that pled guilty to three felonies and the statute previously subject to prosecution under statute prohibiting possession of a firearm in and affecting interstate commerce by a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, despite fact that he received a suspended sentence for the underlying offenses for which the deference ... underlying statute.

U.S. v. Labor, 31 F.Supp.2d 66.

---

**For references to other topics, see Descriptive-Word Index**

95A F P D 4th—643

WEAPONS ⊃—4

**D.Vt. 1986.** To prove element of possession under statute prohibiting convicted felons from possessing firearm, government need only prove constructive possession. 18 U.S.C.A.App. § 1202(a)(1).

U.S. v. Montenieri, 652 F.Supp. 257, affirmed 823 F.2d 545.

Constructive possession of firearm by convicted felon is established when person, though not in actual or physical possession, nonetheless knows location of firearm and has power and intent to exercise dominion and control over it. 18 U.S.C.A.App. § 1202(a)(1).

U.S. v. Montenieri, 652 F.Supp. 257, affirmed 823 F.2d 545.

**E.D.Va. 2000.** Weapons statute proscribes and punishes two different kinds of conduct: (1) using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime; and (2) possessing a firearm in furtherance of any such crime; and, to define two different crimes, rather than providing alternate means of committing one crime. 18 U.S.C.A. § 924(c)(1).

U.S. v. Pleasant, 125 F.Supp.2d 173.

**E.D.Va. 1999.** Congress, by denying funding to Bureau of Alcohol, Tobacco and Firearms (ATF) to investigate or act on convicted felons intended to restore their firearm privileges apply for relief from federal firearm disabilities and, thus, court was without jurisdiction to review felon's request for relief from his firearms disabilities. 18 U.S.C.A. § 925(c).

U.S. v. Cannon, 93 F.Supp.2d 545.

**E.D.Va. 1997.** Defendant may not be convicted of using firearm during and in relation to drug trafficking crime merely for having firearm in his possession. 18 U.S.C.A. § 924(c)(1).

U.S. v. Gray, 985 F.Supp. 737, affirmed 131 F.3d 138, certiorari denied 118 S.Ct. 1375, 523 U.S. 1053, 140 L.Ed.2d 523.

Reasonable reading of federal statutory exception, that licensed firearms dealers with timely applied for renewal of license are exempt from federal prohibition against interstate shipment of firearms by person under indictment for crime punishable by imprisonment over one year, would permit law enforcement officer to conclude that a dealer must inform Secretary to punishable imprisonment over one year in renewal application, and would provide quali-

For cited U.S.C.A. sections and legislative history, see United States Code Annotated

---

or carrying of firearm during or in relation to drug trafficking crime. 18 U.S.C.A. § 924(c)(1).

U.S. v. Forrest, 934 F.Supp 731.

**D.Vt. 1990.** If convicted person has been granted a clean slate, he may then go forward lawfully possess firearm without violating Gun Control Act. 18 U.S.C.A. § 922(g).

U.S. v. Davis, 735 F.Supp. 529.

Defendant cannot be charged under statute criminalizing use or carrying of firearm in relation to drug trafficking crime merely for storing weapon near drugs or drug proceeds; storage weapon near drugs or drug proceeds, without active employment, is more reasonably drawn from possession. 18 U.S.C.A. § 924(c)(1).

U.S. v. Forrest, 934 F.Supp 731.

**E.D.Va. 1996.** Under firearms statute, when record-keeping offenses still on records are at issue, licensed dealers of guns can be prosecuted for misdemeanor general provision. 18 U.S.C.A. § 924(c)(1).

U.S. v. Wegg, 919 F.Supp. 898.

Record-keeping violation by gun dealer as principal, who could fall within more general provision of firearms statute, and provision applying exclusively to gun dealer provision in more specific provision, especially with more specific provision, especially with federal general provision. 18 U.S.C.A. § 924(c)(1). 923(g)(1)(A).

U.S. v. Wegg, 919 F.Supp. 898.

**E.D.Va. 1996.** Federal statute that provides exception for licensed firearms dealers who have timely applied for renewal of license from general prohibition against interstate shipment of firearms by person under indictment for crime punishable by imprisonment over one year does, punishable by imprisonment over one year, in licensed firearms dealer filing renewal application not waiting license by with the Secretary of Treasury's regulations require, inter alia, disclosure of the fact of indictment. 18 U.S.C.A. § 922(n), 925(d); 27 C.F.R. § 178.143.

David v. Mosley, 915 F.Supp. 776, affirmed 103 F.3d 117, certiorari denied 118 S.Ct. 2457, 520 U.S. 1276, 138 L.Ed.2d 214.

For cited U.S.C.A. sections and legislative history, see United States Code Annotated

of a federal prosecution for
prohibiting convicted felon
possessing firearm 18
(20), 922(g), (g)(1). W.Va.

784 F.Supp. 326.

0. Bureau of Alcohol To
(ATF) failure to investigate
's application was not an
ation on the merits," and
ute a "denial of application"
of section establishing juris
nt for applications for relief
ns disabilities. 18 U.S.C.A.

2 F.Supp.2d 702.

In order to prove defen
ession of firearm in connec
violence or drug trafficking
must prove that firearm was
ance of crime committed
(1).
95 F.Supp.2d 595.

Previous Ohio convic
rand theft auto and recei
were not predicate offenses
charge of being felon in
arm given that Ohio had
civil rights and Ohio's pro
possession by persons con
olence or drug offenses did
A. §§ 922(g)(1), 924(a)(2)
880 F.Supp. 471.

Conviction for being a
a firearm cannot be predi
ony conviction for which
have been restored, unless
provides that person may
ossess or receive firearms,
ny convictions for which
vil rights restored are ex
tion if, in addition, defen
es are not restricted. 18
, 922(g)(1).
7 F.Supp. 424.

" within meaning of stat
tion for being felon in
if defendant's civil rights
n connection with prior
se rights accorded indi
is or her citizenship in
generally deemed right to
blic office, and right to
C.A. § 921(a)(20).
F.Supp. 424.

nviction unavailable for
ution for being a felon in
in accordance with civil
sion of statute preclud
defendant's civil rights

have been restored, restoration of rights need not be complete, but it must be substantial. 18 U.S.C.A. § 921(a)(20).

Berger v. U.S., 867 F.Supp. 424.

In determining whether person's civil rights have been restored for purposes of statute precluding conviction for being a felon in possession of a firearm if defendant's civil rights have been restored with regard to prior felony, courts must look to whole law of the state; consequently, for states having no general restoration of rights statute for criminal offenders and no procedures for affirmative act of issuing certificates of discharge restoring rights on completion of sentence imposed, determination is to be based on other state law stressing specific civil rights. 18 U.S.C.A. § 921(a)(20).

Berger v. U.S., 867 F.Supp. 424.

Determination that state law prohibits or creates significant barrier to defendant's performance of jury service precludes finding that there has been substantial restoration of defendant's civil rights which would bar defendant's conviction of being felon in possession of a firearm; accordingly, firearm conviction may not be avoided where right to perform jury service has not been restored. 18 U.S.C.A. §§ 921(a)(20), 922(g).

Berger v. U.S., 867 F.Supp. 424.

Lack of writing stating that defendant's civil rights had been restored without restriction of his firearms privilege, after defendant served West Virginia sentence, was not determinative of whether his civil rights had been restored for purposes of statute precluding conviction of being a felon in possession of a firearm following civil rights restoration. 18 U.S.C.A. §§ 921(a)(20), 922(g).

Berger v. U.S., 867 F.Supp. 424.

Under West Virginia law, defendant's civil rights were not restored after he completed his probated sentence for West Virginia felony, so as to preclude subsequent federal conviction for being a felon in possession of a firearm; while completion of sentence restored defendant's right to vote and right to hold public office, it did not restore his right to serve on jury. W.Va. Const. Art. 4, § 1, Art. 6, §§ 14, 45; 18 U.S.C.A. §§ 921(a)(20), 922(g); W.Va. Code, 3–1–3, 6–5–5, 52–1–8, 61–5a–9.

Berger v. U.S., 867 F.Supp. 424.

**S.D.W.Va. 1991.** Certificate of discharge from parole, restoring all civil rights theretofore forfeited, was not effective to make federal possession of firearm by felon statute inapplicable to defendant, where certificate predated both federal possession statute and West Virginia statute criminalizing possession of firearm by convicted felon unless felon has successfully petitioned state court for relief. 18 U.S.C.A. §§ 921(a)(20), 922(g)(1); W.Va.Code, 61–7–7.

U.S. v. Haynes, 785 F.Supp. 574, reversed 961 F.2d 50.

**E.D.Wis. 2000.** Federal statute prohibiting knowing transfer of firearm for use in committing "crime of violence" required that underlying "crime of violence" be in violation of federal statute, not state statute; rule of lenity required ambiguity to be construed narrowly, resolving doubts in defendant's favor. 18 U.S.C.A. § 924(c)(3), (h).

U.S. v. Acosta, 124 F.Supp.2d 631.

**E.D.Wis. 1996.** Defendant may be found guilty of using firearm in relation to crime of violence if coconspirator used or carried firearm during and in relation to conspiracy. 18 U.S.C.A. § 924(c).

Worthington v. U.S., 936 F.Supp. 586.

**E.D.Wis. 1995.** Statute prohibiting convicted felon from possessing firearm in or affecting interstate commerce requires government to prove that firearm possession in question affects interstate commerce. U.S.C.A. Const. Art. 1, § 8, cl. 3; 18 U.S.C.A. § 922(g).

U.S. v. Edwards, 894 F.Supp. 340.

In order to convict defendant of possession by felon of firearm in or affecting interstate commerce, government need not prove that the possession by defendant had some actual effect on interstate commerce. U.S.C.A. Const. Art. 1, § 8, cl. 3; 18 U.S.C.A. § 922(g).

U.S. v. Edwards, 894 F.Supp. 340.

**E.D.Wis. 1991.** On review of administrative revocation of license to sell firearms, court limits its consideration of evidence which came into existence after administrative decision solely to evidence of other crimes, wrongs or acts offered to prove intent, knowledge, or absence of mistake or accident. 18 U.S.C.A. § 923(f)(3); Fed.Rules Evid.Rule 404(b), 28 U.S.C.A.

Cisewski v. Department of Treasury, Bureau of Alcohol, Tobacco & Firearms, 773 F.Supp. 148.

Revocation of license to sell firearms was sufficiently supported by evidence of licensee's continuing violations of state and federal laws and regulations regarding sale of firearms and recordkeeping. 18 U.S.C.A. § 923(e).

Cisewski v. Department of Treasury, Bureau of Alcohol, Tobacco & Firearms, 773 F.Supp. 148.

**W.D.Wis. 1991.** Prior felony conviction for which defendant's civil rights had been restored could be considered by court, in imposing enhanced sentence on subsequent felony firearm conviction, as discharge certificate was intended merely to restore defendant to right to

For later cases see same Topic and Key Number in Pocket Part

knowledge that firearm was stolen. U.S.S.G. § 2K2.1, 18 U.S.C.A.

U.S. v. Walker, 148 F.3d 518.

**C.A.8 (Mo.) 2000.** In sentencing defendant for being felon in possession of a firearm, evidence that defendant had told a bail bondsman that he owned particular shotgun supported district court's finding that defendant possessed the gun, as part of district court's finding that defendant owned total of five firearms, resulting in two-level increase in offense level.

U.S. v. Shepard, 207 F.3d 455.

**C.A.8 (Mo.) 1997.** Defendant's possession of firearm was "in connection with" his state court felony offense of possession of heroin, thus warranting four-level enhancement under sentencing guidelines upon his guilty plea to possession of firearm by convicted felon, despite his claim that, even though he did possess heroin upon his arrest for firearm offense, he possessed only small amount consistent with personal use. 18 U.S.C.A. § 922(g)(1); U.S.S.G. § 2K2.1(b)(5), 18 U.S.C.A.

U.S. v. Regans, 125 F.3d 685, rehearing and suggestion for rehearing denied, certiorari denied 118 S.Ct. 1398, 523 U.S. 1065, 140 L.Ed.2d 656.

**C.A.8 (Mo.) 1996.** Defendant convicted of unlawful possession of firearms possessed firearms solely for lawful sporting purposes or collection, entitling defendant to reduction in base offense level under Sentencing Guidelines, where defendant and his father testified that defendant was keeping guns on father's behalf and that father had used guns solely for lawful sporting purposes or collection, all of seized guns were unloaded, hunting-type firearms, ammunition retrieved by officers was consistent with weapons involved, and defendant denied having shot any of guns since becoming convicted felon. U.S.S.G. § 2K2.1, 18 U.S.C.A.

U.S. v. Moit, 100 F.3d 605.

One who possesses gun collection owned by another is not barred from ever receiving decrease in his or her base offense level under Sentencing Guidelines for firearms offense, pursuant to section allowing decrease if firearms were possessed solely for lawful sporting purposes or collection. U.S.S.G. § 2K2.1, 18 U.S.C.A.

U.S. v. Moit, 100 F.3d 605.

**C.A.8 (Mo.) 1996.** In imposing fine on defendant convicted of drug and firearm offenses, trial court was required to consider defendant's legal obligation to support his wife and stepson, even though defendant took on those obligations by marrying after charges were filed. U.S.S.G. § 5E1.2(a), (d)(3), 18 U.S.C.A.

U.S. v. Hines, 88 F.3d 661.

Fine of $150,000 imposed on defendant convicted of drug and firearms charges, plus additional $150,000 to cover incarceration costs, was not excessive, in violation of Eighth Amendment, where fine was based upon fact that defendant would receive $1,550,000 in personal injury settlement payments over next 35 years. U.S.C.A. Const.Amend. 8; 18 U.S.C.A. § 3572(a)(6); Comprehensive Drug Abuse Prevention and Control Act of 1970, § 401(b)(1)(C), 21 U.S.C.A. § 841(b)(1)(C); U.S.S.G. § 5E1.2(d), 18 U.S.C.A.

U.S. v. Hines, 88 F.3d 661.

**C.A.8 (Mo.) 1995.** Imposition of sentence for being felon in possession of firearm based on change in law that increased sentence did not violate ex post facto clause, even though two offenses were committed prior to change in law, since third offense was committed after change, when defendant had fair warning of total penalty that additional criminal conduct would entail, and offenses were grouped together for sentencing. U.S.C.A. Const. Art. I, § 9, cl. 3; U.S.S.G. §§ 1B1.11(a), 2K2.1, 3D1.2, 18 U.S.C.A.

U.S. v. Cooper, 63 F.3d 761, rehearing and suggestion for rehearing denied, certiorari denied 116 S.Ct. 1548, 517 U.S. 1158, 134 L.Ed.2d 650.

**C.A.8 (Mo.) 1993.** Evidence supported sentencing defendant at upper edge of guidelines range after he was convicted of being felon in possession of firearm; sentencing court found that defendant had assaulted police officer and fired shot in his direction. U.S.S.G. §§ 2A2.2(b)(2)(A), 2K2.1, 18 U.S.C.A.App.

U.S. v. Fleming, 8 F.3d 1264.

**C.A.8 (Mo.) 1993.** In sentencing defendant towards the top of guidelines range for possessing with intent to distribute cocaine and cocaine base, and being a felon in possession of a firearm, district court did not misapply guidelines by basing sentence on factors which had already been taken into account in the guidelines; in announcing why it had selected particular sentence, district court did not simply refer to possession of weapons and drugs as such, but referred specifically to quantity of cocaine, of cocaine base, and of weapons possessed, as well as fact that two of the weapons were stolen; moreover, nature of defendant's prior conviction was also given as a reason. 18 U.S.C.A. §§ 922(g)(1), 924(c)(1); Comprehensive Drug Abuse Prevention and Control Act of 1970, § 401(a)(1), (b)(1)(B)(iii), 21 U.S.C.A. § 841(a)(1), (b)(1)(B)(iii); U.S.S.G. § 1B1.4, 18 U.S.C.A.App.

U.S. v. Harris, 997 F.2d 1235, rehearing denied, certiorari denied 114 S.Ct. 717, 510 U.S. 1055, 126 L.Ed.2d 681, grant of post-conviction relief affirmed 116 F.3d 481.

For references to other topics, see Descriptive-Word Index

**C.A.8 (Mo.) 1993.** Defendant's sentence following guilty plea to possessing firearm after having been convicted of felony and possessing firearm not registered to him was properly enhanced pursuant to federal sentencing guidelines; in order to support its finding of premeditation and deliberation, sentencing court noted that defendant got into car with two men who had just been involved in shooting, and was either armed when he entered car or given weapon by one of others, and fired shotgun out of passenger's window of car toward group of people. U.S.S.G. § 2A2.1, comment. (n.2), 18 U.S.C.A.App.; 18 U.S.C.A. § 1111.

U.S. v. Wilson, 992 F.2d 156, certiorari denied 114 S.Ct. 242, 510 U.S. 888, 126 L.Ed.2d 195.

**C.A.8 (Mo.) 1990.** District court, in sentencing defendant convicted for possession of firearm by convicted felon, permissibly departed upward from Sentencing Guidelines range of eight to fourteen months to sentence defendant to 60 months' imprisonment, based on aggravating circumstances of nature of firearms possessed, fact that they were fully loaded, and assaultive nature of defendant's prior conviction for second-degree robbery and second-degree assault; aggravating factors were not adequately taken into account by Guidelines and forcefully illustrated danger that defendant had repeatedly posed for others. U.S.S.G. §§ 4A1.3, p.s., 5K2.0, p.s., 18 U.S.C.A.App.

U.S. v. Thomas, 914 F.2d 139.

**C.A.8 (Mo.) 1990.** It was not necessary that defendant know that firearm was stolen for defendant to be subject under Sentencing Guidelines to one level increase in base offense level for illegal possession of firearm on ground that firearm was stolen. Sentencing Guidelines § 2K2.1(b)(1) (1988).

U.S. v. Amerson-Bey, 898 F.2d 681.

**C.A.9 (Mont.) 1992.** Sentencing Guidelines provision requiring application of base offense level for "other offense" when sentencing defendant convicted of possessing a firearm while a felon if firearm is used or possessed in connection with commission or attempted commission of another offense could be applied to conduct for which defendant was not convicted but which could have constituted offense under state law. U.S.S.G. §§ 2K2.1(c)(2), 2K2.1, comment., (backg'd.), 5K2.9, p.s., 7B1.1(a); Ch. 5, Pt. A, 18 U.S.C.A.App.

U.S. v. Humphries, 961 F.2d 1421.

**C.A.8 (Neb.) 1989.** Consecutive 12 and 5-year sentences imposed on defendant convicted of conspiracy to distribute cocaine and of possession of firearm during and in relation to a drug trafficking crime were not excessive, notwithstanding defendant's current health problems and prior "clean" record. Comprehensive Drug Abuse Prevention and Control Act of 1970, §§ 401(a)(1), 403(b), 406, 21 U.S.C.A. §§ 841(a)(1), 843(b), 846; 18 U.S.C.A. § 924(c)(1).

U.S. v. Golter, 880 F.2d 91, rehearing denied.

**C.A.8 (Neb.) 1987.** Defendant failed to show gross abuse of discretion on part of district court in sentencing defendant to 25 years' imprisonment for armed bank robbery and five years for use of firearm during bank robbery, which were within statutory limits. 18 U.S.C.A. §§ 924(c), 2113(a, d).

U.S. v. Cloyd, 819 F.2d 836.

**C.A.8 (Neb.) 1987.** Consecutive sentences of 16 years on armed bank robbery count and five years on count of use of firearm during bank robbery were not excessive. 18 U.S.C.A. §§ 924(c), 2113(a, d).

U.S. v. Love, 815 F.2d 53, certiorari denied 108 S.Ct. 177, 484 U.S. 861, 98 L.Ed.2d 130.

**C.A.9 (Nev.) 1990.** Defendant who seeks downward adjustment in base offense level under Sentencing Guidelines on ground that his possession of a firearm as a felon was solely for sport or recreation bears burden of proving, by a preponderance of the evidence, that he is entitled to the reduction, and the Government need not prove that defendant had an impermissible actual or intended use. Sentencing Guidelines, § 2K2.1(b)(2).

U.S. v. Uzelac, 921 F.2d 204.

Holding that defendant, convicted of possession of a shotgun as a felon, did not possess the shotgun solely for sporting or collection purposes, so as to be entitled to reduction in base offense level under Sentencing Guidelines, was not clearly erroneous where defendant did not show that he ever owned a hunting license and shotgun was kept fully loaded on display rack. Sentencing Guidelines, § 2K2.1(b)(2); 18 U.S.C.A. § 922(g)(1).

U.S. v. Uzelac, 921 F.2d 204.

**C.A.9 (Nev.) 1990.** It was not necessary to find that the firearm had been stolen by defendant, who pled guilty to unlawful possession of a firearm by a felon, in order to increase defendant's base offense level under sentencing guideline providing for an increase when a firearm is stolen. U.S.S.G. § 2K2.1(b)(2), 18 U.S.C.A.App.

U.S. v. Peoples, 904 F.2d 23.

District court was not required to find, beyond reasonable doubt, that firearm possessed by defendant was stolen in order to increase defendant's base offense level under sentencing guideline providing for an increase when a firearm is stolen; rather, district court was constitutionally required to make factual

For later cases see same Topic and Key Number in Pocket Part

Prevention and Control Act of 1970, § 406, 21 U.S.C.A. § 846.

U.S. v. Joseph, 800 F.Supp. 1303, affirmed 996 F.2d 36, certiorari denied 114 S.Ct. 357, 510 U.S. 937, 126 L.Ed.2d 321.

**D.Virgin Islands 1991.** Under Virgin Islands law, elements of unauthorized possession of firearm by convicted felon are that defendant had, possessed, bore, transported or carried firearm, that defendant was unauthorized by law to do so, and that defendant was previously convicted of felony in any state, territory or federal court of United States. 14 V.I.C. § 2253(a).

Government of Virgin Islands v. Knight, 764 F.Supp. 1042, affirmed 989 F.2d 619, certiorari denied 114 S.Ct. 556, 510 U.S. 994, 126 L.Ed.2d 457.

**W.D.Wash. 1987.** Reversal, on constitutional grounds, of defendant's earlier narcotics conviction, which served as predicate felony for subsequent firearms violations, did not require vacation of conviction of firearms violations; calling into doubt *McHenry v. California*, 447 F.2d 470 (9th Cir.). 18 U.S.C.A. §§ 922(a)(1), (h); 18 U.S.C.App.(1982 Ed.) § 1202(a); 28 U.S.C.A. § 2255.

U.S. v. Bagley, 659 F.Supp. 223, affirmed in part, reversed in part 837 F.2d 371, certiorari denied 109 S.Ct. 304, 488 U.S. 924, 102 L.Ed.2d 323.

Congress' rationale in enacting statutes prohibiting possession of firearms by indicted or convicted felons was concern for public safety and desire to err on side of prudence and to try to keep firearms away from those believed to pose greater threat to community until their status as convicted felons is cleared. 18 U.S.C.A. § 922(h); 18 U.S.C.App.(1982 Ed.) § 1202(a).

U.S. v. Bagley, 659 F.Supp. 223, affirmed in part, reversed in part 837 F.2d 371, certiorari denied 109 S.Ct. 304, 488 U.S. 924, 102 L.Ed.2d 323.

**N.D.W.Va. 1992.** In prosecution of defendant for being felon in possession of firearm in which the defendant has been given a certificate of discharge purporting to restore the defendant's civil rights, the court must look to the whole of state law, rather than only to the certificate itself, to determine whether the state intended, notwithstanding a general restoration of civil rights, to prohibit particular ex-convict's possession of firearms. 18 U.S.C.A. §§ 921(a)(20), 922(g)(1).

U.S. v. Stump, 784 F.Supp. 326.

West Virginia's action in 1989 making it a misdemeanor for a convicted felon to possess a firearm could not resurrect the conviction of a defendant whose civil rights were restored in 1984, for purposes of a federal prosecution for violation of statute prohibiting convicted felon from knowingly possessing firearm. 18 U.S.C.A. §§ 921(a)(20), 922(g), (g)(1); W.Va. Code, 61-7-7.

U.S. v. Stump, 784 F.Supp. 326.

**S.D.W.Va. 2000.** Bureau of Alcohol, Tobacco and Firearms' (ATF) failure to investigate or act upon felon's application was not an "adverse determination on the merits," and thus, did not constitute a "denial of application" within the meaning of section establishing jurisdictional requirement for applications for relief from Federal firearms disabilities. 18 U.S.C.A. § 925(c).

U.S. v. Carte, 122 F.Supp.2d 702.

**S.D.W.Va. 2000.** In order to prove defendant's guilt for possession of firearm in connection with crime of violence or drug trafficking crime, government must prove that firearm was possessed in furtherance of crime committed. 18 U.S.C.A. § 924(c)(1).

U.S. v. Speight, 95 F.Supp.2d 595.

**S.D.W.Va. 1995.** Previous Ohio convictions for attempted grand theft auto and receiving stolen property were not predicate offenses needed for current charge of being felon in possession of a firearm given that Ohio had restored defendant's civil rights and Ohio's prohibitions on firearms possession by persons convicted of felony of violence or drug offenses did not apply. 18 U.S.C.A. §§ 922(g)(1), 924(a)(2).

U.S. v. Chapple, 880 F.Supp. 471.

**S.D.W.Va. 1994.** Conviction for being a felon in possession of a firearm cannot be predicated on previous felony conviction for which person's civil rights have been restored, unless restoration expressly provides that person may not ship, transport, possess or receive firearms; in other words, felony convictions for which defendant has had civil rights restored are excluded from consideration if, in addition, defendant's firearm privileges are not restricted. 18 U.S.C.A. §§ 921(a)(20), 922(g)(1).

Berger v. U.S., 867 F.Supp. 424.

Term "civil rights" within meaning of statute precluding conviction for being felon in conviction of a firearm if defendant's civil rights have been restored in connection with prior conviction denotes those rights accorded individual by virtue of his or her citizenship in particular state and is generally deemed right to vote, right to hold public office, and right to serve on a jury. 18 U.S.C.A. § 921(a)(20).

Berger v. U.S., 867 F.Supp. 424.

To render prior conviction unavailable for consideration in prosecution for being a felon in possession of a firearm in accordance with civil rights restoration provision of statute precluding such conviction if defendant's civil rights

For references to other topics, see Descriptive-Word Index

have been restored, restoration of rights need not be complete, but it must be substantial. 18 U.S.C.A. § 921(a)(20).

Berger v. U.S., 867 F.Supp. 424.

In determining whether person's civil rights have been restored for purposes of statute precluding conviction for being a felon in possession of a firearm if defendant's civil rights have been restored with regard to prior felony, courts must look to whole law of the state; consequently, for states having no general restoration of rights statute for criminal offenders and no procedures for affirmative act of issuing certificates of discharge restoring rights on completion of sentence imposed, determination is to be based on other state law stressing specific civil rights. 18 U.S.C.A. § 921(a)(20).

Berger v. U.S., 867 F.Supp. 424.

Determination that state law prohibits or creates significant barrier to defendant's performance of jury service precludes finding that there has been substantial restoration of defendant's civil rights which would bar defendant's conviction of being felon in possession of a firearm; accordingly, firearm conviction may not be avoided where right to perform jury service has not been restored. 18 U.S.C.A. §§ 921(a)(20), 922(g).

Berger v. U.S., 867 F.Supp. 424.

Lack of writing stating that defendant's civil rights had been restored without restriction of his firearms privilege, after defendant served West Virginia sentence, was not determinative of whether his civil rights had been restored for purposes of statute precluding conviction of being a felon in possession of a firearm following civil rights restoration. 18 U.S.C.A. §§ 921(a)(20), 922(g).

Berger v. U.S., 867 F.Supp. 424.

Under West Virginia law, defendant's civil rights were not restored after he completed his probated sentence for West Virginia felony, so as to preclude subsequent federal conviction for being a felon in possession of a firearm; while completion of sentence restored defendant's right to vote and right to hold public office, it did not restore his right to serve on jury. W.Va. Const. Art. 4, § 1, Art. 6, §§ 14, 45; 18 U.S.C.A. §§ 921(a)(20), 922(g); W.Va. Code, 3-1-3, 6-5-5, 52-1-8, 61-5a-9.

Berger v. U.S., 867 F.Supp. 424.

**S.D.W.Va. 1991.** Certificate of discharge from parole, restoring all civil rights theretofore forfeited, was not effective to make federal possession of firearm by felon statute inapplicable to defendant, where certificate predated both federal possession statute and West Virginia statute criminalizing possession of firearm by convicted felon unless felon has successfully petitioned state court for relief. 18 U.S.C.A. §§ 921(a)(20), 922(g)(1); W.Va.Code, 61-7-7.

U.S. v. Haynes, 785 F.Supp. 574, reversed 961 F.2d 50.

**E.D.Wis. 2000.** Federal statute prohibiting knowing transfer of firearm for use in committing "crime of violence" required that underlying "crime of violence" be in violation of federal statute, not state statute; rule of lenity required ambiguity to be construed narrowly, resolving doubts in defendant's favor. 18 U.S.C.A. § 924(c)(3), (h).

U.S. v. Acosta, 124 F.Supp.2d 631.

**E.D.Wis. 1996.** Defendant may be found guilty of using firearm in relation to crime of violence if coconspirator used or carried firearm during and in relation to conspiracy. 18 U.S.C.A. § 924(c).

Worthington v. U.S., 936 F.Supp. 586.

**E.D.Wis. 1995.** Statute prohibiting convicted felon from possessing firearm in or affecting interstate commerce requires government to prove that firearm possession in question affects interstate commerce. U.S.C.A. Const. Art. 1, § 8, cl. 3; 18 U.S.C.A. § 922(g).

U.S. v. Edwards, 894 F.Supp. 340.

In order to convict defendant of possession by felon of firearm in or affecting interstate commerce, government need not prove that the possession by defendant had some actual effect on interstate commerce. U.S.C.A. Const. Art. 1, § 8, cl. 3; 18 U.S.C.A. § 922(g).

U.S. v. Edwards, 894 F.Supp. 340.

**E.D.Wis. 1991.** On review of administrative revocation of license to sell firearms, court limits its consideration of evidence which came into existence after administrative decision solely to evidence of other crimes, wrongs or acts offered to prove intent, knowledge, or absence of mistake or accident. 18 U.S.C.A. § 923(f)(3); Fed.Rules Evid.Rule 404(b), 28 U.S.C.A.

Cisewski v. Department of Treasury, Bureau of Alcohol, Tobacco & Firearms, 773 F.Supp. 148.

Revocation of license to sell firearms was sufficiently supported by evidence of licensee's continuing violations of state and federal laws and regulations regarding sale of firearms and recordkeeping. 18 U.S.C.A. § 923(e).

Cisewski v. Department of Treasury, Bureau of Alcohol, Tobacco & Firearms, 773 F.Supp. 148.

**W.D.Wis. 1991.** Prior felony conviction for which defendant's civil rights had been restored could be considered by court, in imposing enhanced sentence on subsequent felony firearm conviction, as discharge certificate was intended merely to restore defendant to right to

Daniel M. Furesz - U.S.A.F. Retired #3236224 H-1 cell 103
Monmouth County Correctional Institution
1 Waterworks Road, Freehold, N.J. 07728

The Honorable Peter G. Sheridan - NJDJ
United States Federal District Court District of New Jersey,
402 East State Street
Trenton, N.J. 08608

RECEIVED
MAY 13 2011
AT 8:30 ________ M
WILLIAM T. WALSH
CLERK

(Legal Mail)



Please Find Enclosed!

1. Letter to Judge Sheridan May 9, 2011 3 pgs
2. " " " " May 5, 2011 1 pg.
3. Bail Motion For Reconsideration May 12, 2011 4 pgs.
4. Appeal Response from 3rd Circuit of Appeals 3 pgs.
5. Linda D. Foster letter dated 5-11-2011 2 pgs.
6. Citations Reference to Corpus Juris Secundum 5 pgs.
7. Citations Regarding my innocense as charged by Defective and deficient charges are hereby Provided for Clear + Convincing Evidence of NOT Guilty As Charged according to 922(g) 1. 3 pgs.

THE MONMOUTH COUNTY JAIL HAS NEITHER CENSORED NOR INSPECTED THIS ITEM. THEREFORE, THE SHERIFF'S OFFICE DOES NOT ASSUME RESPONSIBILITY FOR IT'S CONTENT